## Taylor *vs* Taylor, &c.

ERROR TO THE HART CIRCUIT.

*Administrators.    Substitution.    Contribution.    Jurisdiction.*

CHANCERY.

*Case* 100.

JUDGE BRECK delivered the opinion of the Court.

*June* 20.

WHERE an administrator discharges the debts of his intestate to an amount exceeding the persoal assets, he has a right to resort to a Court of equity for relief against the heirs, and to be reimbursed out of real estate in their hands by descent.   So in this case, if the administrator, S. P. Taylor, had satisfied the judgments against him as such, in favor of Wilcoxon & Hall, and if it should turn out that there was a deficiency in the personal assets for his indemnity, the Chancellor would relieve him by subjecting the real estate which had descended to the heirs.

Where an adm'r. pay debts of the intestate to an amount exceeding the assets, he may subject the real estate in the hands of the heirs to his reimbursement.

And as the complainant has paid off those judgments as the surety of the administrator, we are of opinion he is entitled, by substitution, to the same relief against the heirs, which the administrator would be entitled to, had the judgments been paid by him.   The fact that the administrator in that character replevied the judgments with the complainant as surety, who was subsequently compelled to discharge the bonds, will not vary the case. Nor will the fact that the administrator in his character as such, gave his note to the complainant, for the amount so paid by him, and afterwards confessed a judgment thereon, upon which an execution was returned *nulla bona*.   This did not satisfy the claim, or ex-

And the surety of an administrator who has so disbursed his funds, may be substituted to the rights of his principal, such is the case where the surety of an adm'r. in a replevy bond for a debt due by the intestate pays it off.

onerate the heirs. The complainant as he alledges, had paid valid demands against their ancestor, and for which the personal assets being insufficient, the estate descended was liable. It is true, the judgments against the administrator are not conclusive upon the heirs as to the validity of the demands, upon which they were based, nor are the returns upon the executions conclusive upon the question of assets in the hands of the administrator. These matters they would have a right to controvert; but being expressly alledged in the bill, in disposing of the demurrer they are to be taken as true.

There is in this case another ground upon which the allegations in the bill would confer jurisdiction upon a Court of equity. The complainant was himself one of the heirs, and having paid the debt of his ancestor, had a right, assuming the personal assets to be deficient, to contribution from his co-heirs out of the estate descended.

One of several heirs, who pays the debt of the ancestor, has a right to contribution from his co-heirs; and chancery has jurisdiction.

Our conclusion then is, that the Court below erred in sustaining the demurrer to the complainant's bill. Wherefore, the decree dismissing the bill, is reversed, and the cause remanded, with direction to overrule the demurrer, and for further proceedings.

*Craddock* for plaintiff.