Filed Jan. 2, 1884.

———◆———

No. 10,249.

## COOK v. COOK ET AL.

CONTRIBUTION.—*Payment by One of Several Legatees of Claims for Which Land of Testator is Liable.*—Where one of several devisees of a tract of land liable to be made assets to pay legacies and other liabilities of the testator pays them off even after partition, and thereby relieves the land, the other devisees are liable for contribution, though they protested against the payment.

LEGACIES.—*Filing as Claims.—Lien.*—A legacy for which the lands of the testator are liable need not be filed as a claim in order to hold the lands for payment.

From the Hancock Circuit Court.

*D. S. Gooding, M. B. Gooding* and *M. Marsh,* for appellant.

*J. A. New* and *J. W. Jones,* for appellees.

Cook v. Cook et al.

BICKNELL, C. C.—This suit was commenced by the appellees against the appellant before a justice of the peace of Hancock county.

After the filing of the complaint the justice, acting upon the written agreement of the parties, sent the cause to the Hancock Circuit Court.

There a demurrer to the complaint was sustained, and an amended complaint was filed, which averred that Joel Cook died testate, in March, 1870, seized of one hundred and twenty acres of land in said county; that by his will his estate was to be divided equally among his heirs, after his death and the death of his widow, subject to certain legacies, that said will was admitted to probate; that said estate was of the value of $5,000; that said testator left as his children and heirs the plaintiffs and the defendant, and nine others, fifteen in all; that the plaintiff Lorenzo Cook bought the interest in said estate of two of said nine, and the plaintiff Eli Cook bought the interest in said estate of five others of said nine; that said will provided for the payment out of said estate of several legacies, and that there were debts against said estate; that the defendant was the executor of said will; that after a proper application of the testator's personal estate, it was insufficient to pay any part of the said legacies, or any part of the costs of administration, and said executor was about to sell said real estate to pay said legacies and costs; that the plaintiffs, to prevent a sale of said real estate, paid off certain legacies which were a charge thereon, amounting to $950, and also paid costs of administration amounting to $138.75, in all $1,088.75, and thereby prevented such sale; that said defendant's contributive share of such payment as one of the fifteen heirs of said testator, is $72.60, which sum with interest from April 1st, 1881, the complaint claims as due the plaintiffs from said defendant.

A copy of the will is filed with the complaint as an exhibit, but it can not be regarded as a part of the complaint, because no reference is made in the complaint to such exhibit,

and the will is not a necessary part of the complaint because the .suit is not brought upon the will. The theory of the complaint is that the plaintiffs paid and had a right to pay money for the common benefit of all the heirs to save their land from sale, and that the defendant in equity ought to re-pay the plaintiffs his proportion.

The defendant demurred to the amended complaint:

1. For want of facts sufficient, etc.

2. For defect of parties, because two of the heirs, John F. Cook and Jane Yelton, were not made co-defendants.

The demurrer was overruled.

The defendant answered in four paragraphs:

1. The general denial.

2. That partition of said real estate was made by the Hancock Circuit Court, at its spring term, 1881, and defendant's share was set off to him in severalty, and all of the payments mentioned in the complaint were made after said partition, and were voluntary payments made against the defendant's objection and protest.

3. That said legacies were not liens on the land, because they had not been filed as claims against the estate when they were paid, and that the testator's personal estate was sufficient to pay all the indebtedness of said estate, except said legacies.

4. That said estate has been finally settled and the administrator discharged, and that said testator left personal estate sufficient to pay off said legacies.

The plaintiffs demurred to each of said second, third and fourth paragraphs of answer. The court sustained the demurrers to said second and third paragraphs of the answer, and overruled the demurrer to the fourth paragraph. The plaintiff replied denying the fourth paragraph. The issues were tried by the court, who found for the plaintiffs. The defendant moved for a new trial, for seven causes, of which the first three relate to rulings upon the pleadings, and are not proper in a motion for a new trial.

The fourth cause is admitting in evidence the testator's

will. The fifth, sixth and seventh causes are that the finding is not·sustained by sufficient evidence, is contrary to the evidence, and is contrary to law.

The motion for a new trial was overruled. Judgment was rendered on the finding. The defendant appealed.

The errors assigned are :

1. Overruling the demurrer to the amended complaint.

2. Sustaining the demurrers to the second and third paragraphs of the defendant's answer.

3. Overruling the motion for a new trial.

The third of these assignments presents no question. A motion for a new trial, for matters requiring a consideration of the evidence, amounts to nothing unless the evidence is in the record.

The bill of exceptions in this case states that the cause " was submitted to the court upon the oral evidence heard, and the following written agreement and statement of facts." This is followed by the agreed statement, but the oral evidence is not stated, and the bill of exceptions does not contain the statement that this was all the evidence given in the cause.

As to the first assignment of error, the R. S. 1881, section 2371, provides that an order for the sale of real estate shall not be made, if any of the persons interested in such estate shall give bond to the executor or administrator in a sum and with sureties to be approved by the court, conditioned to pay all liabilities eventually due from the estate, with charges of administration as far as the personal estate is insufficient.

The amended complaint asserts that the real estate was subject to the legacies, and that the personal estate was not sufficient to pay any part, either of the legacies or of the costs of administration, and that the plaintiffs paid the legacies and costs, and thereby relieved the common estate of the burthen. This, if true, gave the plaintiffs a right in equity to contribution from the defendant.

The doctrine of contribution, in such cases, rests on the

principle that where parties stand in equal right, equality of burthen becomes equity. 4 Kent Com. 371. Where ·one· of several heirs pays the debt of his ancestor, he has a right in equity to contribution from his co-heirs. *Taylor* v. *Taylor,* 8 B. Mon. 419. Where one of two residuary legatees incurs an expense in protecting the joint interest, and his act is ben-- eficial to both, justice requires that he should be reimbursed by his co-legatee to the extent of the expense incurred on his account. *New Orleans* v. *Baltimore,* 15 La. An. 625. If a tenant in common buy in an outstanding title, he may claim contribution on the ground that in equity it enures to the benefit of both, and he can not claim it for himself alone. *Field* v. *Pelot,* 1 McMul. Eq. 369.

The appellant claims that the complaint is bad because the will is not made part of it, but the suit, as already stated, is not brought upon the will. There was no error in overrul- ing the demurrer to the complaint for want of facts sufficient.

The objection for want of parties is not alluded to in the appellant's brief and is, therefore, waived.

As to the second assignment of error, the court did not err in sustaining the demurrer to the second paragraph of the answer.

The whole tract, notwithstanding the partition, was sub- ject to the payment of the legacies and the costs of administra- tion; nothing but the payment of the liabilities could relieve any part of the estate therefrom, and the payment of the lia- bilities or the securing thereof by any person interested un- der section 2371, *supra,* could not be prevented by any protest or objection. And the court did not err in sustaining the demurrer to the third paragraph of the answer.

This paragraph states that the legacies were not liens on the land, because they had not been filed as claims against the estate, and that there was personal estate sufficient to pay all the indebtedness of said estate except said legacies.

This paragraph is insufficient. It does not follow that such

legacies cease to be a lien because they are not filed as claims, and so far as this paragraph goes in denial of any part of the complaint, it is embraced in the general denial. It shows no sufficient reason why the defendant should not contribute in this action.

The judgment ought to be affirmed.

PER CURIAM.—It is therefore ordered, on the foregoing opinion, that the judgment of the court below be and the same is hereby in all things affirmed, at the costs of the appellant.

Filed Jan. 3, 1884.