**Steven A. COPPOLILLO, Appellant–Plaintiff,**

v.

**Anthony CORT, Appellee–Defendant.**

**No. 45A05–1007–PL–433.**

Court of Appeals of Indiana.

April 29, 2011.

David C. Jensen, Megan C. Brennan, Hammond, IN, Attorneys for Appellant.

David E. Wickland, Munster, IN, Attorney for Appellee.

## OPINION

BARTEAU, Senior Judge.

### STATEMENT OF THE CASE

Plaintiff–Appellant Steven A. Coppolillo ("Coppolillo") appeals the trial court's grant of summary judgment to Defendant–Appellee Anthony Cort ("Cort"). We reverse and remand.

### ISSUE

Coppolillo raises one issue, which we restate as: whether the trial court erred by granting summary judgment to Cort.

## FACTS AND PROCEDURAL HISTORY

In September 2005, Zuncor, Inc. ("Zuncor"), owned Zuni's Restaurant, which was located at 2907 45th Street in Highland, Indiana ("the 45th Street Property"). Cort, Daniel Zunica ("Zunica"), Jared Tomich, and Debra Trembecznski were Zuncor's shareholders and each owned a 25% share of the corporation's stock.

The 45th Street Property was owned by RZK Corporation ("RZK"). At all times relevant to this appeal, Marilyn Zunica, who was Zunica's mother, and Norma Cort, who was Cort's mother, each owned a third of RZK's stock. Zuncor and RZK did not have a written lease for the 45th Street Property, and Zuncor's tenancy was month-to-month. In lieu of paying rent, Zuncor made monthly payments on RZK's first mortgage for the 45th Street Property. Zuncor, Zunica, and Cort were guarantors of RZK's first mortgage. On June 9, 2005, Zuni's, Inc., an entity that is not a party to this case, had obtained a second mortgage on the 45th Street Property in the amount of $180,000.00. Cort agreed to "help and assist Dan Zunica in payment of the aforesaid $180,000.00 debt. . . ." Appellant's App. p. 292.

In September 2005, Coppolillo began working at Zuni's Restaurant as a chef. Coppolillo also intended to invest in the restaurant, and he negotiated with Cort to purchase Cort's one-fourth ownership share of Zuncor. In October 2005, Coppolillo paid Cort $50,000, and agreed to pay Cort an additional $2,000 per month for twenty-five months, in exchange for Cort's share of Zuncor. On December 31, 2005, Coppolillo and Cort signed an Agreement for Sale of Shares of Zuncor, Inc. ("the Agreement"). Coppolillo paid Cort $2,000 per month for each month between October 2005 and January 2007.

While Coppolillo was making monthly payments to Cort, Michael Macuga ("Ma-

cuga") tendered to RZK an offer to purchase the 45th Street Property. RZK accepted Macuga's offer in a corporate resolution dated January 25, 2007. The resolution was signed by Marilyn Zunica and by Cort, who was acting as his mother's proxy. The resolution provided that the sales proceeds would be used to satisfy the first mortgage and "a debt incurred by Daniel Zunica and Tony Cort in the approximate sum of One Hundred Eighty Thousand Dollars ($180,000.00) on behalf of RZK Corporation...." Appellant's App. p. 341. After the sale was completed, Macuga did not want to lease the 45th Street Property to Zuncor on a long-term basis. Instead, he leased the premises to Zuncor for three months, through May 2007. Zuncor did not establish a new location for the restaurant, and Zuni's Restaurant closed at the end of the three-month lease term. Coppolillo lost his investment in Zuncor.

Coppolillo sued Cort, alleging unjust enrichment.[1] Cort filed a motion for summary judgment, and the trial court held a hearing on Cort's motion. After the hearing, the trial court granted Cort's motion, entered judgment in Cort's favor, and dismissed him from the suit. Coppolillo now appeals.

## DISCUSSION

We review an appeal from the grant of summary judgment de novo. *Eads v. Cmty. Hosp.*, 932 N.E.2d 1239, 1243 (Ind. 2010). Summary judgment is proper when there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. Indiana Trial Rule 56(C). The moving party bears the burden of making a prima facie showing that there are no genuine issues of materi-

al fact and that the movant is entitled to judgment as a matter of law; and once the movant has satisfied this burden, the burden shifts to the non-moving party to designate and produce evidence of facts showing the existence of a genuine issue of material fact. *Dreaded, Inc. v. St. Paul Guardian Ins. Co.*, 904 N.E.2d 1267, 1270 (Ind.2009). All facts and reasonable inferences drawn from those facts are construed in favor of the nonmoving party. *Cox v. Paul*, 828 N.E.2d 907, 911 (Ind. 2005).

■■■ Coppolillo sued Cort on a theory of unjust enrichment. Unjust enrichment is also referred to as quantum meruit, contract implied-in-law, constructive contract, or quasi-contract. *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind.1991). Unjust enrichment permits recovery "where the circumstances are such that under the law of natural and immutable justice there should be a recovery." *Zoeller v. E. Chicago Second Century, Inc.*, 904 N.E.2d 213, 220 (Ind.2009) (quotation omitted). To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust. *Id.*

Before turning to the merits of Coppolillo's claim of unjust enrichment, we address an argument presented by Cort. Cort argues that Coppolillo's claim is barred because Cort sold his share in Zuncor to Coppolillo pursuant to a written contract. Therefore, Cort concludes that Coppolillo's remedy, if any, against him must be sought under the contract rather than in equity.

---

1. Coppolillo also sued Zunica, alleging breach of fiduciary duty. Coppolillo's claim against Zunica is not at issue in this appeal.

When the rights of parties are controlled by an express contract, recovery cannot be based on a theory implied in law. *Zoeller*, 904 N.E.2d at 221 (quotation omitted). The existence of an express contract precludes a claim for unjust enrichment because: (1) a contract provides a remedy at law; and (2) as a remnant of chancery procedure, a plaintiff may not pursue an equitable remedy when there is a remedy at law. *See King v. Terry*, 805 N.E.2d 397, 400 (Ind.Ct.App.2004). However, there are exceptions to this general rule. Although not previously addressed in Indiana, several other jurisdictions have determined that when an express contract does not fully address a subject, a court of equity may impose a remedy to further the ends of justice. *See Town of New Hartford v. Conn. Res. Recovery Auth.*, 291 Conn. 433, 970 A.2d 592, 612 (2009); *Porter v. Hu*, 116 Hawai'i 42, 169 P.3d 994, 1007 (Haw.Ct.App.2007) (endorsing the principle that equitable restitution is appropriate "where an express contract does not fully address an injustice"); *Klein v. Arkoma Prod. Co.*, 73 F.3d 779, 786 (8th Cir.1996) (applying Arkansas law). Stated another way, the existence of a contract, in and of itself, does not preclude equitable relief which is not inconsistent with the contract. *Rent–A–PC, Inc. v. Rental Mgmt., Inc.*, 96 Conn.App. 600, 901 A.2d 720, 723 (2006). We find these authorities persuasive.

In this case, Coppolillo and Cort's Agreement provides, "[a]s consideration for the transfer of One Hundred (100) Shares of stock in the Corporation, [Coppolillo] hereby agrees to pay [Cort] the sum of FIFTY THOUSAND DOLLARS ($50,000) payable upon execution of this Agreement." Appellant's App. p. 259. The Agreement further provides, "[t]his Agreement constitutes the entire agreement between the parties, and there are no agreements, understandings, restrictions, warranties, or representations between the parties other than those set forth or provided for in this Agreement." *Id.* Nevertheless, despite the integration clause, Coppolillo and Cort also agreed upon additional payments for Cort's share of Zuncor that are not discussed in the Agreement. Coppolillo paid Cort $2,000.00 per month from October 2005 until January 2007 as additional payment for Cort's share. Cort does not dispute that the "ultimate sales price was to be $100,000," to be paid in part on a monthly basis. Appellant's App. p. 352. The parties do not direct us to any evidence that explains why they structured their transaction in this manner, but in any event it is undisputed that the parties' payment arrangements for Cort's share of Zuncor are not fully controlled by the Agreement.

Cort cites several cases on the subject of express contracts and equitable remedies, but they are distinguishable. In *Huff v. Biomet, Inc.*, 654 N.E.2d 830, 837 (Ind.Ct.App.1995) (*abrogated on other grounds by St. Vincent Hosp. & Health Care Ctr., Inc. v. Steele*, 766 N.E.2d 699, 703 (Ind.2002)), the parties had entered into an express contract for services, and there was no evidence that the contract failed to address all aspects of the parties' relationship. By contrast, in this case the Agreement is not a contract for services and does not fully encompass the parties' payment arrangements. In *Kern v. City of Lawrenceburg*, 625 N.E.2d 1326, 1329 (Ind.Ct.App.1993), the cross-claimant argued that he had hauled water to a construction site without compensation, in addition to doing other work at the site, and that the water hauling work was not subject to the parties' contract. Therefore, the cross-claimant contended he was entitled to equitable relief for the value of his water hauling work. *Id.* This Court disagreed, determining that under the contract the cross-claimant was

expressly required to submit a change order for all additional expenses, so his claim in equity was barred. *Id.* at 1330. By contrast, in the current case the parties' payment arrangements were not fully addressed by the Agreement, despite the parties' use of an integration clause in the Agreement. Therefore, *Huff* and *Kern* are not controlling, and we conclude that the parties' contract does not preclude Coppolillo's claim in equity against Cort for unjust enrichment.

We now turn to the merits of Coppolillo's claim. Coppolillo argues that there is a dispute of material fact as to whether Cort was unjustly enriched by Coppolillo's payments for Cort's share of Zuncor and by the subsequent sale of the 45th Street Property. We agree. During the time when Cort was still receiving monthly payments from Coppolillo, Cort participated in RZK's sale of the 45th Street Property to Macuga. The sale ended Zuncor's operations at the 45th Street Property and reduced the value of Coppolillo's shares in Zuncor. Cort received a measureable benefit from his conduct because he continued to receive payments from Coppolillo through January 2007 for Cort's share of Zuncor. Furthermore, Cort was indirectly liable for both of the mortgages on the 45th Street Property, and those liabilities were erased by RZK's sale of the Property. In regards to a claim of unjust enrichment, "[i]t is well established that ... a benefit is conferred upon another not only when one adds to the property of another but also where, as here, one is saved from expense or loss." *Cmty. Care Ctrs., Inc. v. Sullivan,* 701 N.E.2d 1234, 1240 (Ind.Ct.App.1998), *trans. denied.*

Viewing the facts in the light most favorable to Coppolillo, Cort received a measurable benefit from Coppolillo under circumstances that caused Coppolillo to lose the value of his bargain with Cort. Consequently, there is a material dispute of fact as to whether Cort was unjustly enriched, and Cort is not entitled to summary judgment as a matter of law. *See id.* at 1242 (determining that a health care facility was unjustly enriched by excess payments from the State of Indiana).

Cort argues that Zuncor was not damaged by the closing of Zuni's Restaurant at the 45th Street Property, so Coppolillo's interest in Zuncor was not unfairly harmed. Specifically, Cort argues that Zuncor operated restaurants in two other locations. However, Coppolillo stated that after Zuni's Restaurant closed at the 45th Street Property, he "lost [his] investment in the business." Appellant's App. p. 257. This statement is sufficient to create a material dispute of fact as to that issue.

Next, Cort contends that he had no decision-making role in RZK's operations, including RZK's decision to sell the 45th Street Property, and therefore he had no opportunity for unjust enrichment from the sale. We disagree. The evidence establishes that Cort's mother and Zunica's mother together had a controlling interest in RZK. Zunica's mother lived in Florida and did not take an active role in managing RZK. When RZK took out the first mortgage for the 45th Street Property, Cort and Zunica, and not their mothers, negotiated with the bank and provided personal guarantees for the mortgage. Furthermore, Zuni's, Inc., another corporation in which Zunica was involved, took out a second mortgage for the 45th Street Property. This mortgage was for Zuni, Inc.'s benefit instead of for the benefit of RZK or Zuncor. Cort did not sign any of the bank's documents for the second mortgage, but he "agreed to help and assist Dan Zunica in payment of the aforesaid $180,000.00 debt." Appellant's App. p. 292. Finally, when RZK sold the 45th

Street Property to Macuga, the corporate resolution authorizing the sale explicitly provided that the first mortgage and Zunica and Cort's debt of $180,000.00 would be paid from the sales proceeds. This evidence would allow a reasonable finder of fact to conclude that Cort exercised a degree of control over RZK's operations such that he could arrange the sale of the 45th Street Property to his benefit, even while he continued to receive payments from Coppolillo for Cort's share of Zuncor.[2]

 Finally, Cort argues that Coppolillo is not entitled to equitable relief because Coppolillo has unclean hands. The unclean hands doctrine is an equitable tenet that demands one who seeks equitable relief to be free of wrongdoing in the matter before the court. *Fairway Developers, Inc. v. Marcum*, 832 N.E.2d 581, 584 (Ind.Ct.App.2005), *trans. denied.* The purpose of the unclean hands doctrine is to prevent a party from reaping benefits from his or her misconduct. *Id.* at 585. For the doctrine of unclean hands to apply, the alleged wrongdoing must be intentional and must have an immediate and necessary relation to the matter being litigated. *See id.* at 584. The doctrine of unclean hands is not favored by the courts and must be applied with reluctance and scrutiny. *Wagner v. Estate of Fox*, 717 N.E.2d 195, 202 (Ind.Ct.App.1999).

 Cort contends that Coppolillo has unclean hands because, after the sale of the 45th Street Property, Coppolillo did not take steps to maintain Zuncor's value. Specifically, Cort states that Coppolillo did not attempt to find a new location for

Zuni's Restaurant before it closed, and Coppolillo effectively abandoned his relationship with Zuncor, which continued to operate two other restaurants. However, Coppolillo lost his chef job when Zuni's Restaurant closed. He testified that he took another chef job in Chicago and needed to work to support his family rather than remain involved in Zuncor's management. Thus, there is at best a dispute of fact as to whether Coppolillo engaged in wrongdoing when he ended his relationship with Zuncor. Furthermore, it is undisputed that Coppolillo did not benefit from his alleged abandonment of Zuncor, because he lost his investment in the corporation. Thus, Cort is not entitled to summary judgment pursuant to the doctrine of unclean hands. *See Ruder v. Ohio Valley Wholesale, Inc.*, 736 N.E.2d 776, 781 (Ind.Ct.App.2000) (determining that a plaintiff did not benefit from his alleged wrongdoing and, therefore, that the doctrine of unclean hands did not apply).

## CONCLUSION

For the reasons stated above, we reverse the judgment of the trial court and remand for further proceedings consistent with this opinion.

Reversed and remanded.

BAKER, J., and BROWN, J., concur.

---

2. On this issue, Coppolillo also cites to his affidavit to support his claim. Coppolillo stated in his affidavit that Cort and Zunica told him that they, together with their families, owned the 45th Street Property and made all decisions about the property. Cort argues that this statement must be disregarded because it contradicts Coppolillo's previous deposition testimony. We do not address this issue because there is other evidence that creates a dispute of material fact as to whether Cort influenced RZK's decision regarding the sale of the 45th Street Property.