# FOR PUBLICATION

ATTORNEY FOR APPELLANT:

**MARK D. GERTH**
Kightlinger & Gray, LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
BOARD OF COMMISSIONERS
OF VANDERBURGH COUNTY:

**KEITH W. VONDERAHE**
**ROBERT L. BURKART**
Ziemer Stayman Weitzel & Shoulders, LLP
Evansville, Indiana

ATTORNEY FOR APPELLEE
EVANSVILLE-VANDERBURGH
COUNTY AREA PLAN COMMISSION:

**JOSEPH H. HARRISON, JR.**
Massey Law Offices
Evansville, Indiana

FILED

Nov 16 2012, 9:19 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| KOHL'S INDIANA, L.P., and KOHL'S DEPARTMENT STORE, INC., ) ) ) | |
| Appellant-Plaintiff, ) ) | |
| vs. ) ) | No. 82A05-1203-PL-103 |
| DENNIS OWENS, ET AL., ) ) | |
| Appellees-Defendants. ) ) | |

APPEAL FROM THE VANDERBURGH CIRCUIT COURT
The Honorable Carl A. Heldt, Judge
Cause No. 82C01-0602-PL-86

**November 16, 2012**

**OPINION - FOR PUBLICATION**

**VAIDIK, Judge**

**Case Summary**

Kohl's Indiana, L.P., and Kohl's Department Stores, Inc., (collectively "Kohl's") appeal the trial court's grant of summary judgment in favor of the Evansville-Vanderburgh County Area Plan Commission ("Plan Commission") and the Board of Commissioners of Vanderburgh County ("Board of Commissioners") on Kohl's equitable claims for contribution and unjust enrichment for expenses that Kohl's incurred when its developer failed to complete construction of a new Kohl's Department Store on the west side of Evansville. We conclude that the trial court properly entered summary judgment in favor of the Plan Commission for both claims because the Commission never accepted a common obligation to complete the project, never entered into any sort of agreement with Kohl's concerning the project, and there is no evidence that a benefit was conferred upon the Plan Commission at the Commission's express or implied consent. We also conclude that the trial court properly entered summary judgment in favor of the Board of Commissioners for both claims because Kohl's and the Board entered into an agreement which required Kohl's to complete the public-infrastructure improvements at Kohl's expense, and when the rights of the parties are controlled by an express contract, recovery cannot be based on a theory implied in law. Finally, we conclude that the Board of Commissioners is not entitled to appellate attorney's fees. We therefore affirm the trial court.

**Facts and Procedural History**

In May 2004, the Plan Commission approved a primary plat application concerning the proposed construction of a Kohl's Department Store in the Carpentier

2

Creek Pavilion Subdivision on the west side of Evansville. The approval of the project was conditioned upon the developer, Dennis Owens, posting a letter of credit to ensure the proper and complete development of roads, culverts, sanitary sewer work, and other infrastructure improvements required within the subdivision pursuant to Section 16.08.070 of the Vanderburgh County Subdivision Code, Appellant's App. p. 315-16, and Indiana Code section 36-7-4-709.

In January 2005, Owens obtained four letters of credit from Fifth Third Bank naming the Plan Commission as beneficiary. The letters of credit totaled $538,454.78:

1. Letter of Credit #CIS403248
$47,284.65
Off-Site Road and Drainage Improvements within City of Evansville

2. Letter of Credit #CIS403249
$230,245.31
Off-Site Road and Drainage Improvements in Vanderburgh County

3. Letter of Credit #CIS403250
$206,762.46
City of Evansville Sanitary Sewer Extension

4. Letter of Credit #CIS403251
$54,162.36
City of Evansville Waterline Extension

*Id.* at 332.

Thereafter, in February 2005, Kohl's and Owens entered into an Operation and Easement Agreement whereby Owens agreed to build the Kohl's Department Store in Carpentier Creek Pavilion. Kohl's and Owens also entered into a Site Development Agreement, which provided that Kohl's had the right to complete Owens' work if he failed to do so and charge Owens all expenses incurred.

3

In September 2005, Kohl's and the Board of Commissioners entered into an agreement ("road-improvement agreement") whereby the Board of Commissioners agreed to the closure of Rosenberger Avenue, which was a busy road, for a limited time in order to allow Kohl's to improve and reconstruct it. *Id.* at 144-45. In the agreement, Kohl's agreed to complete the project in accordance with all plans and specifications approved by various governmental entities. *Id.* at 144. The agreement provides that should Kohl's fail to complete the project in accordance with all approved plans and specifications, the Board of Commissioners will take all necessary legal actions to recoup its expenses in completing the project, including drawing on the funds in the letters of credit and filing a lawsuit against Kohl's. *Id.* Kohl's and the Board of Commissioners also entered into an indemnity agreement whereby Kohl's agreed to defend, indemnify, and hold the Board of Commissioners harmless against claims relating to the improvement and reconstruction of Rosenberger Avenue, and Kohl's named Vanderburgh County as an additional insured under a commercial general liability policy. *Id.* at 146-47. Notably, the Plan Commission was not a party to these agreements.

Owens failed to complete the project, so Kohl's completed the project, which included improvements to storm sewers and septic sewers under Rosenberger Avenue and Hogue Road as well as road work to Rosenberger Avenue and Hogue Road.

In February 2006, Kohl's filed a complaint against numerous defendants, including Owens, the Plan Commission, and Fifth Third Bank in which it sought reimbursement for the expenses it incurred in completing Owens' work. *Id.* at 1. Kohl's made three claims against the Plan Commission. In Count VI, Kohl's asked the trial

4

court to order the Plan Commission to draw on the letters of credit and to assign the proceeds from the letters of credit to Kohl's. In Count VII, Kohl's asserted a claim based on the doctrine of contribution. And in Count VIII, Kohl's sought payment of the proceeds of the letters of credit based upon the doctrine of implied contract and/or unjust enrichment.

Fifth Third Bank intervened as a defendant in the counts against the Plan Commission and sought summary judgment. Although the trial court entered summary judgment in favor of Kohl's, finding that the letters of credit should be treated as performance bonds and that Kohl's was entitled to make a claim against the proceeds of the letters of credit as a third-party beneficiary, we reversed on appeal. Specifically, we found that the letters of credit were not performance bonds and that Kohl's was not a third-party beneficiary of the letters of credit issued by Fifth Third Bank. *Fifth Third Bank v. Kohl's Indiana, L.P.*, 918 N.E.2d 371, 376, 378 (Ind. Ct. App. 2009).

In May 2010, Kohl's filed an amended complaint in which it added the Board of Commissioners as a defendant to Counts VII (contribution) and VIII (implied contract and/or unjust enrichment). Kohl's then dismissed, with prejudice, Count VI against the Plan Commission based upon this Court's opinion.

All of the public-infrastructure improvements that were required as a condition of approval by the Plan Commission for the project were completed, and the Plan Commission released the four letters of credit posted by Owens between July and October 2010.[1] Appellant's App. p. 332-33. Because the public-infrastructure

---

[1] According to the Plan Commission, it released letter of credit #CIS403251 on July 20, 2010, "due to the completion and acceptance by the Evansville Water & Sewer Utility concerning the water line

5

improvements were completed and accepted, there was no need for the Plan Commission to draft upon the letters of credit posted by Owens. *Id.* at 333.

In August 2010, the Board of Commissioners and the Plan Commission individually moved for summary judgment on Counts VII and VIII of Kohl's amended complaint. Kohl's filed a cross motion for summary judgment. Following a hearing, the trial court entered summary judgment in favor of the Board of Commissioners and the Plan Commission and denied Kohl's cross motion for summary judgment. *Id.* at 593, 594.

Kohl's now appeals.

## Discussion and Decision

Kohl's argues that the trial court erred in entering summary judgment in favor of the Board of Commissioners and the Plan Commission on its equitable claims for contribution and implied contract/unjust enrichment.

In reviewing an appeal of a motion-for-summary-judgment ruling, we apply the same standard applicable to the trial court. *Presbytery of Ohio Valley, Inc. v. OPC, Inc.*, 973 N.E.2d 1099, 1110 (Ind. 2012), *reh'g denied*. Summary judgment is appropriate where the designated evidence "shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Ind. Trial

---

extension for the Project." Appellant's App. p. 332. It released letter of credit #CIS403250 on August 2, 2010, "due to the completion and acceptance by the Evansville Water & Sewer Utility concerning the sanitary sewer extension for the project." *Id.* It released letter of credit #CIS403248 on August 31, 2010, "due to the completion and acceptance by the City of Evansville of the off-site road and drainage improvement located with the City of Evansville with respect to the Project." *Id.* at 333. Finally, it released letter of credit #CIS403249 on October 12, 2010, "due to the completion and acceptance by Vanderburgh County of the off-site road and drainage improvements located within Vanderburgh County concerning the Project." *Id.*

Rule 56(C). Review is limited to those facts designated to the trial court, T.R. 56(H), and "[a]ll facts and reasonable inferences drawn from those facts are construed in favor of the non-moving party." *Presbytery of Ohio Valley*, 973 N.E.2d at 1110 (quotation omitted). The fact that each party sought summary judgment does not alter our analysis. *Id.* Rather, we consider each motion separately construing the facts most favorably to the non-moving party in each instance. *Id.*

## I. Contribution

Kohl's first contends that the trial court erred in entering summary judgment in favor of the Board of Commissioners and the Plan Commission on Count VII, its claim for contribution. Kohl's argues that when Owens failed to complete the public-infrastructure improvements to the project, it had no obligation to complete them, but it did so to ensure that it could open its new store. Nevertheless, Kohl's argues that both the Board of Commissioners and the Plan Commission were obligated by statute and local ordinance to step in and complete the public-infrastructure improvements. Accordingly, Kohl's seeks contribution from both the Board of Commissioners and the Plan Commission for these expenses.

Contribution involves the partial reimbursement of one who has discharged a common liability. *Balvich v. Spicer*, 894 N.E.2d 235, 243 (Ind. Ct. App. 2008). The "'doctrine of contribution rests on the principle that where parties stand in equal right, equality of burden becomes equity.'" *Id.* at 245 (quoting *Cook v. Cook*, 92 Ind. 398, 399 (1884)). The right of contribution is based upon natural justice, and "it applies to any relation, including that of joint contractors, where equity between the parties is equality

7

of burden, and one of them discharges more than his share of the common obligation."

*Id.* (quotation omitted).

> According to Williston on Contracts, the rule is that
>
> [U]nless otherwise agreed, a person who has discharged more than his proportionate share of a duty owed by himself and another as to which, between the two, neither had a prior duty of performance, is entitled to contribution from the other, except where the payor is barred by the wrongful nature of his conduct.

12 Richard A. Lord, *Williston on Contracts* § 36.14 (4th ed. 1999) (citing Restatement (First) of Restitution § 81 (1937)). The doctrine of contribution rests on principles of equity and natural justice, not contract. *Id.* "It is an attempt by equity to distribute equally among those who have a common obligation, the burden of performing that obligation." *Id.*

*A. Plan Commission*

Kohl's points out that pursuant to statute and local ordinance, the Plan Commission required Owens to post letters of credit to ensure the proper and complete development of roads, culverts, sanitary sewer work, and other infrastructure improvements related to the construction of the new Kohl's Department Store in Evansville. Kohl's claims that the purpose of allowing plan commissions to require letters of credit to cover infrastructure costs from developers requesting plat approval is to ensure that in the event a developer fails to complete the infrastructure, the amount secured by the letter of credit can be used to complete the work. Kohl's asserts that the legislature did not intend for a plan commission to sit idly by if a developer fails to complete the work.

But that is not what happened here. When Owens failed to complete the project, Kohl's stepped in and completed the project so that it could open the store. Although the Plan Commission was the beneficiary of the letters of credit taken out by Owens and could have drawn on the letters of credit if the public-infrastructure improvements were not completed (the public-infrastructure improvements were in fact completed, and the Plan Commission released the letters of credit in 2010),[2] the Plan Commission never accepted a common obligation to complete the project, which the doctrine of contribution requires. In fact, the Plan Commission did not enter into any sort of agreement with Kohl's concerning the project and did not ask Kohl's to complete the project when Owens failed to do so. Because the Plan Commission did not have a common duty to complete the project, the trial court properly entered summary judgment in favor of the Plan Commission on Kohl's contribution claim.

## B. Board of Commissioners

Kohl's next argues that the Board of Commissioners, "as the executive for Vanderburgh County, had a duty to construct, design, repair and maintain . . . road and sewer improvements." Appellant's Br. p. 8 (footnote omitted). The Board of Commissioners responds that while it may have a duty to public users to repair and maintain the *completed* public-infrastructure improvements, it agreed with Kohl's that Kohl's would be liable for completing and paying for all public-infrastructure

---

[2] As Kohl's explains in its brief, "the Board [of Commissioners] does not itself draw upon the letters of credit to complete infrastructure. Instead, it requests that the [Plan Commission] do so and turn over the proceeds to the Board [of Commissioners]." Appellant's Br. p. 9 n.2. As we explained in the prior appeal in this case, "each letter of credit requires the [Plan] Commission to present to Fifth Third a signed statement that Dennis Owens has failed to meet statutory and ordinance requirements and/or the stipulations of primary approval with regard to basic improvements." *Fifth Third Bank*, 918 N.E.2d at 376 (quotation omitted).

improvements associated with building the new Kohl's Department Store in Evansville. As support, the Board of Commissioners identifies the road-improvement agreement,[3] which provides as follows:

> WHEREAS, *[Kohl's] is required to improve and reconstruct Rosenberger Avenue*, hereinafter referred to as the "Project", *as a part of its obligations in conjunction with the development of Carpentier Creek Pavilion commercial subdivision*; and
>
> WHEREAS, for *[Kohl's] to perform and complete the Project,* the [Board of Commissioners] must approve [Kohl's] doing work in the right of way for Rosenberger Avenue and the closure of Rosenberger as necessary to complete the Project; and
>
> WHEREAS, due to high traffic volumes on Rosenberger Avenue, the [Board of Commissioners] is unwilling to approve such work and such closure except for a limited period of time; and
>
> WHEREAS, the [Board of Commissioners] wishes to establish a penalty to help insure that such work and such closure will only be for a limited period of time.
>
> NOW, THEREFORE, for and in consideration of the premises and the mutual agreements of the parties hereto, one unto the other, the parties hereto do hereby agree as follows:
>
> 1. *To allow [Kohl's] to complete the Project*, the [Board of Commissioners] will permit [Kohl's] to work in the right of way for Rosenberger Avenue and to close Rosenberger Avenue for a time period that will not exceed twenty-one (21) consecutive calendar days ("Road Closure Period") without written approval by the [Board of Commissioners] to extend the Road Closure Period.

---

[3] The parties also discuss their indemnity agreement, Appellant's App. p. 146, and argue whether it is a defense to Kohl's claims. We, however, do not find it necessary to reach this issue because the road-improvement agreement provides that if Kohl's fails to complete the project, the Board of Commissioners will take all necessary legal action to recoup all costs it might incur in completing the project, including filing a lawsuit against Kohl's. Because the road-improvement agreement authorizes the Board of Commissioners to recoup any costs from Kohl's, we do not need to address the indemnity agreement or *Indianapolis City Market Corp. v. MAV, Inc.*, 915 N.E.2d 1013 (Ind. Ct. App. 2009), which Kohl's relies upon.

2. ***If [Kohl's] fails to complete the Project*** during the Road Closure Period then [Kohl's] agrees that ***it shall pay a fine of $2,500.00 per day*** for each day beyond the Road Closure Period that is required for completion of the Project.

3. ***[Kohl's] will complete the Project in accordance with all plans and specifications that have been approved by the [Board of Commissioners], the Vanderburgh County Drainage Board, and all applicable state and federal review agencies.***

4. [Kohl's] acknowledges that its amended plans for the Project have been submitted to the Indiana Department of Environmental Management ("IDEM") and U.S. Army Corps of Engineers ("Corps"), but written approval of the amended plans has not been received as of the date of this Agreement. The lack of such written approval ***does not release [Kohl's] from any of its obligations to complete the Project*** within the Road Closure Period in conformance with all conditions of the final written approval of the amended plans. ***The [Board of Commissioners] assumes no responsibility or liability associated with allowing [Kohl's] to proceed with the Project*** without the IDEM or Corps approval.

5. ***[Kohl's] hereby acknowledges that if it fails to complete the Project in accordance with all approved plans and specifications, the [Board of Commissioners] will take all necessary legal actions needed to recoup all costs the [Board of Commissioners] might incur in conjunction with the [Board of Commissioner's] completion of the Project. These actions may include, but will not be limited to, drawing on the funds in the letter of credit held by the Evansville Area Plan Commission for the Project***, filing lien(s) on property owned by [Kohl's], and/or ***filing a lawsuit against [Kohl's]***.

Appellant's App. p. 144 (emphases added).

Although Kohl's argues that the road-improvement agreement addresses only closing a public road and not its obligations to complete the public-infrastructure improvements, we do not read the agreement so narrow. First, the agreement addresses "improv[ing]" and "reconstruct[ing]" Rosenberger Avenue, not simply closing it. *Id.* Second, the agreement says that the improvements and reconstruction must be "in accordance with all plans and specifications that have been approved by the [Board of

11

Commissioners], the Vanderburgh County Drainage Board, and all applicable state and federal review agencies." *Id.* Third, the agreement provides that if Kohl's fails to complete the project in accordance with all approved plans and specifications, the Board of Commissioners will take all necessary legal actions to recoup its expenses in completing the project, including drawing on the funds in the letters of credit. *Id.* The four letters of credit pertain to off-site road and drainage improvements, sanitary sewer extension, and waterline extension.

Based on the above, we conclude that the road-improvement agreement addresses more than simply closing Rosenberger Avenue; it addresses the reconstruction and improvement of Rosenberger Avenue, which must be done in compliance with all plans and specifications that have been approved by several governmental agencies, including the Drainage Board. It is apparent that reconstructing and improving Rosenberger Avenue involves more than simply repaving this busy road; it also involves drainage, sewer, and water. Moreover, the agreement obligates Kohl's to pay for these costs and provides that if Kohl's fails to complete the project, the Board of Commissioners can complete the project and then file a lawsuit against Kohl's to recoup its expenses. Because there is an agreement between the parties concerning how to allocate the costs, the doctrine of contribution does not apply to this scenario. *See* 12 Lord, § 36.14 ("[*U*]*nless otherwise agreed*, a person who has discharged more than his proportionate share of a duty owed by himself and another as to which, between the two, neither had a prior duty of performance, is entitled to contribution from the other, except where the payor is barred by the wrongful nature of his conduct." (Emphasis added)). Accordingly,

12

the trial court properly entered summary judgment in favor of the Board of Commissioners on Kohl's contribution claim.

## II. Unjust Enrichment

Kohl's next contends that the trial court erred in entering summary judgment in favor of the Board of Commissioners and the Plan Commission on Count VIII, its claim for unjust enrichment, which is also referred to as quantum meruit, contract implied in law, constructive contract, or quasi contract. *Coppolillo v. Cort*, 947 N.E.2d 994, 997 (Ind. Ct. App. 2011).

A claim for unjust enrichment is a legal fiction invented by the common-law courts in order to permit a recovery where the circumstances are such that under the law of natural and immutable justice there should be a recovery. *Zoeller v. E. Chi. Second Century, Inc.*, 904 N.E.2d 213, 220 (Ind. 2009), *reh'g denied.* "'A person who has been unjustly enriched at the expense of another is required to make restitution to the other.'" *Id.* (quoting Restatement (First) of Restitution § 1 (1937)). To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust. *Zoeller*, 904 N.E.2d at 220; *Bayh v. Sonnenburg*, 573 N.E.2d 398, 408 (Ind. 1991), *reh'g denied.* Indiana courts articulate three elements for this claim: (1) a benefit conferred upon another at the express or implied consent of such other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment. *Woodruff v. Ind. Family & Social Servs. Admin.*, 964 N.E.2d 784, 791 (Ind. 2012), *cert. denied*.

13

When the rights of the parties are controlled by an express contract, recovery cannot be based on a theory implied in law. *Zoeller*, 904 N.E.2d at 221. The existence of an express contract precludes a claim for unjust enrichment because: (1) a contract provides a remedy at law and (2) as a remnant of chancery procedure a plaintiff may not pursue an equitable remedy when there is a remedy at law. *Coppolillo*, 947 N.E.2d at 998. However, there are exceptions to this rule. *Id.* That is, when an express contract does not fully address a subject, a court of equity may impose a remedy to further the ends of justice. *Id.*

### A. Plan Commission

Kohl's does not make a cogent separate argument as to the Plan Commission and instead focuses its energy on the Board of Commissioners. In any event, there is no evidence that a benefit was conferred upon the Plan Commission at the Commission's express or implied consent. The Plan Commission did not ask Kohl's to complete the public-infrastructure improvements nor did the Commission request that any improvements be made for its benefit. Given the Plan Commission's more limited role, the trial court properly entered summary judgment in favor of the Plan Commission on Kohl's unjust-enrichment claim.

### B. Board of Commissioners

Kohl's argues that the Board of Commissioners' interaction with it warrants the imposition of an implied contract for the value of the work it completed on the public-

14

infrastructure improvements.[4]   The Board of Commissioners responds that the road-improvement agreement forecloses Kohl's claim for unjust enrichment.

We agree with the Board of Commissioners that because the rights of the parties were controlled by an express contract, recovery cannot be based on a theory implied in law.  *See Zoeller*, 904 N.E.2d at 221.   The road-improvement agreement imposes responsibility on Kohl's to improve and reconstruct Rosenberger Avenue as part of its obligations in conjunction with the development of Carpentier Creek Pavilion and specifies that the Board of Commissioners was to have no financial responsibility for these costs.  And to the extent that Kohl's failed to complete the project, the Board of Commissioners could complete the project and pursue all legal actions, including a lawsuit against Kohl's, to recoup its expenses.[5]   Accordingly, the trial court properly entered summary judgment in favor of the Board of Commissioners on Kohl's unjust-enrichment claim.

### III. Appellate Attorney's Fees

As a final matter, the Board of Commissioners, but not the Plan Commission, requests appellate attorney's fees according to Indiana Appellate Rule 66(E), which provides that "[t]he Court may assess damages if an appeal . . . is frivolous or in bad faith.  Damages shall be in the Court's discretion and may include attorneys' fees.  The

---

[4] Kohl's argues that the Board of Commissioners, in similar circumstances, has drawn on letters of credit and used those proceeds to complete public-infrastructure improvements.  However, the fact that the Board may have drawn on letters of credit in the past is irrelevant because here there is a written agreement defining the parties' obligations.

[5] Kohl's argues that the road-improvement agreement does not address payment for Kohl's work; to the contrary, the agreement specifies that the Board of Commissioners has no payment obligation to Kohl's and that Kohl's was completing the work as part of its obligations in conjunction with the development of Carpentier Creek Pavilion.

Court shall remand the case for execution." Our discretion to award attorney's fees is limited to instances when an appeal is permeated with meritlessness, bad faith, frivolity, harassment, vexatiousness, or purpose of delay. *Thacker v. Wentzel*, 797 N.E.2d 342, 346 (Ind. Ct. App. 2003). While Appellate Rule 66(E) permits us to award damages on appeal, we must act with extreme restraint due to the potential chilling effect on the exercise of the right to appeal. *Harness v. Schmitt*, 924 N.E.2d 162, 168 (Ind. Ct. App. 2010).

While we ultimately find no merit to any of Kohl's arguments, we do not find that its appeal is permeated with meritlessness or any of the other factors that would warrant an award of appellate attorney's fees. We therefore deny the Board of Commissioners' request for appellate attorney's fees.

Affirmed.

MATHIAS, J., and BARNES, J., concur.