**FOR PUBLICATION**



ATTORNEY FOR APPELLANT:

**MARK LEEMAN**
Leeman Law Offices
Logansport, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHY BRADLEY**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| JERI GOOD, ) | |
| ) | |
| Appellant-Plaintiff, ) | |
| ) | |
| vs. ) | No. 25A03-1408-MI-278 |
| ) | |
| INDIANA TEACHERS RETIREMENT FUND, ) | |
| ) | |
| Appellee-Defendant. ) | |

APPEAL FROM THE FULTON SUPERIOR COURT
The Honorable Wayne E. Steele, Judge
Cause No. 25D01-1402-MI-97

**January 20, 2015**

**OPINION - FOR PUBLICATION**

**CRONE, Judge**

## Case Summary

Jeri Good was a member of the Indiana Teachers Retirement Fund (now a part of the Indiana Public Retirement System ("INPRS")) for twenty-nine and a half years and left her INPRS-covered job. Five months later, she purchased a half-year of additional service credit from INPRS, which made her eligible to receive retirement benefits starting at age fifty-five based on thirty years of service. Shortly before she turned fifty-five, Good contacted INPRS to ask about the consequences of delaying her application for retirement benefits. An INPRS employee told Good that her benefits would be paid retroactively but failed to inform her that, pursuant to statute, they could be paid retroactively only up to six months before her application date. Based on the information provided by the INPRS employee, Good delayed filing her application for one year and requested benefits retroactive to her fifty-fifth birthday. INPRS determined that she was entitled to only six months of retroactive benefits. Good filed an administrative appeal, which was decided in INPRS's favor. She then petitioned for judicial review of that decision, which the trial court affirmed.

On appeal, Good does not dispute that Indiana law limits an INPRS member to six months of retroactive retirement benefits. Instead, she contends that she is entitled to additional retroactive benefits based on the theories of equitable estoppel, unjust enrichment, and breach of fiduciary duty. We conclude as follows: (1) equitable estoppel is inapplicable because the facts regarding Good's retirement were equally available to both parties and she is charged with knowledge of the law regarding retroactive benefits; (2) unjust enrichment is also inapplicable in light of that imputed knowledge; and (3) her fiduciary duty claim fails

because there is no indication that the INPRS employee was a fiduciary.  Therefore, we affirm.

**Facts and Procedural History**

The relevant facts are undisputed.  Good was born in June 1956 and became a member of INPRS in August 1977.  She left INPRS-covered employment in December 2006.  In May 2007, Good purchased a half-year of additional service credit from INPRS for $3722.23, which made her eligible to receive INPRS retirement benefits starting in June 2011 when she turned fifty-five based on thirty years of service.  *See* Ind. Code § 5-10.2-4-1(b)(3) ("A member [of INPRS] is eligible for normal retirement if … the member's age in years plus the member's years of service is at least eighty-five (85) and the member is at least fifty-five (55) years of age.").  Without this credit, Good would not have been eligible to receive benefits until December 2011, and those benefits would have been based on only twenty-nine and a half years of service.[1]

In June 2011, Good contacted an INPRS employee to inquire about the consequences of delaying her application for retirement benefits.  Good told the INPRS employee that she would be unable to complete her application in the near future because she was "very busy" as a funeral director.  Appellant's App. at 82.  The INPRS employee told Good that her benefits would be paid retroactively but failed to mention that, pursuant to statute, they could be paid retroactively only up to six months before her application date.  *See* Ind. Code § 5-

---

[1] According to INPRS, the additional half-year of service entitles Good to an additional $314.64 in gross pension benefits annually.  Appellant's App. at 105-06.

10.2-4-1(d) ("A member who is eligible for normal … retirement is entitled to choose a retirement date on which the member's benefit begins if the following conditions are met: (1) The application for retirement benefits and the choice of the date is filed on a form provided by the board. (2) The date must be after the cessation of the member's service and be the first day of a month. (3) The retirement date is not more than six (6) months before the date the application is received by the board.").[2] Based on the information provided by the INPRS employee, Good delayed applying for benefits until June 2012 and put a retirement date of June 23, 2011, on her application. INPRS determined that her earliest possible retirement date was six months before her application date, or January 1, 2012. Good would not have waited to apply for benefits if she had known that they were retroactive for only six months.

Good filed an administrative claim appealing INPRS's determination. The parties filed cross-motions for summary judgment. The administrative law judge ("ALJ") issued a decision and recommended order in INPRS's favor, which was adopted by INPRS's board of trustees ("the Board"). Good petitioned for judicial review of the Board's order. After

---

[2] Indiana Code Section 5-10.2-4-1(d) also states, "However, if the board determines that a member is incompetent to file for benefits and choose a retirement date, the retirement date may be any date that is the first of the month after the time the member became incompetent." For the first time in these proceedings, Good argues that she was incompetent to file for benefits "due to the misrepresentations of INPRS staff." Appellant's Br. at 14. "Generally, issues that were not raised before the [administrative law judge] are waived for judicial review." *P'Pool v. Ind. Horse Racing Comm'n*, 916 N.E.2d 668, 676 (Ind. Ct. App. 2009) (citing Ind. Code § 4-21.5-5-10). Because Good did not raise the issue before the administrative law judge, the Board, or the trial court, we find it waived for purposes of this appeal. In any event, INPRS points out that, pursuant to the statute, the Board must determine whether a member is incompetent, and Good has not asked the Board to make that determination.

4

remanding with instructions to amend the order to conform to the evidence before the ALJ, the trial court affirmed the Board's amended order. This appeal followed.

**Discussion and Decision**

"The Administrative Orders and Procedures Act provides the standard for judicial review of an administrative decision." *P'Pool v. Ind. Horse Racing Comm'n*, 916 N.E.2d 668, 674 (Ind. Ct. App. 2009). This Court will reverse an administrative decision only if it is:

> (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) contrary to constitutional right, power, privilege, or immunity; (3) in excess of statutory jurisdiction, authority, or limitations, or short of statutory right; (4) without observance of procedure required by law; or (5) unsupported by substantial evidence.

Ind. Code § 4-21.5-5-14(d)). "An administrative decision is arbitrary and capricious only when it is willful and unreasonable, without consideration or in disregard of the facts and circumstances of the case, or without some basis which could lead a reasonable person to the same conclusion." *P'Pool*, 916 N.E.2d at 674. "The party challenging an agency decision bears the burden of demonstrating its invalidity." *Id.* (citing Ind. Code § 4-21.5-5-14(a)).

"Summary judgment may be granted in favor of either party in an administrative adjudication." *Ind. Dep't of Envtl. Mgmt. v. Schnippel Constr., Inc.*, 778 N.E.2d 407, 412 (Ind. Ct. App. 2002) (citing Ind. Code § 4-21.5-3-23(a)), *trans. denied* (2003). "Summary judgment is appropriate where 'a genuine issue as to any material fact does not exist and the moving party is entitled to a judgment as a matter of law.'" *Id.* (quoting Ind. Code § 4-21.5-3-23(b)). Where, as here, the material facts are not in dispute, our review is limited to

5

determining whether the law was correctly applied to the undisputed facts. *C.M.B. ex rel. Brabant v. Repub. Servs., Inc.*, 800 N.E.2d 200, 202 (Ind. Ct. App. 2003), *trans. denied* (2004).

Good does not dispute that Indiana law limits an INPRS member to six months of retroactive retirement benefits. Instead, she contends that she is entitled to additional retroactive benefits based on the following theories: (1) equitable estoppel; (2) unjust enrichment; and (3) breach of fiduciary duty. We address them in turn.

### Section 1 – Equitable Estoppel

Good asserts that "INPRS is equitably estopped from using the misleading acts of its employees to enrich itself." Appellant's Br. at 10. A party invoking the doctrine of equitable estoppel must show "(1) a lack of knowledge as to the facts in question and of the means of acquiring that knowledge; (2) reliance upon the conduct of the party estopped; and (3) a prejudicial change in position based upon the conduct of the party estopped." *Barnette v. U.S. Architects, LLP*, 15 N.E.3d 1, 10 (Ind. Ct. App. 2014) (quoting *LaGrange Cnty. Reg'l Util. Dist. v. Bubb*, 914 N.E.2d 807, 811 (Ind. Ct. App. 2009)). "'Estoppel cannot be applied if the facts are equally known by or accessible to both parties.'" *Id.* (quoting *City of Crown Point v. Lake Cnty.*, 510 N.E.2d 684, 687 (Ind. 1987)). And "[a]ll persons are charged with the knowledge of the rights and remedies prescribed by statute." *Middleton Motors, Inc. v. Ind. Dep't of State Revenue*, 269 Ind. 282, 285, 380 N.E.2d 79, 81 (1978).

Good's knowledge of the facts regarding her retirement situation was at least equal, if not superior, to that of INPRS, and she is charged with knowing her rights under the statute

6

regarding retroactive retirement benefits, Indiana Code Section 5-10.2-4-1. Therefore, we conclude as a matter of law that equitable estoppel is inapplicable here.[3]

## Section 2 – Unjust Enrichment

"A claim for unjust enrichment is a legal fiction invented by the common-law courts in order to permit a recovery where the circumstances are such that under the law of natural and immutable justice there should be a recovery." *Kohl's Ind., LP v. Owens*, 979 N.E.2d 159, 167 (Ind. Ct. App. 2012). "To prevail on a claim of unjust enrichment, a plaintiff must establish that a measurable benefit has been conferred on the defendant under such circumstances that the defendant's retention of the benefit without payment would be unjust." *Id*. "Indiana courts articulate three elements for this claim: (1) a benefit conferred upon another at the express or implied consent of such other party; (2) allowing the other party to retain the benefit without restitution would be unjust; and (3) the plaintiff expected payment." *Id*. at 167-68.

Good states that she

purchased an additional half (½) year of service credit with the expectation that she would be able to retire and receive a monthly pension benefit on her fifty-fifth birthday. Good delayed in applying for that benefit when an INPRS employee misled her to believe benefits could be paid retroactively for more than six months. Good expected payment of her retirement benefits

---

[3] "'Estoppel is not generally applicable against government entities for the actions of public officials.'" *Barnette*, 15 N.E.3d at 10 (quoting *Biddle v. BAA Indianapolis, LLC*, 860 N.E.2d 570, 581 (Ind. 2007)). Indiana Code Section 5-10.5-2-3 provides that INPRS "is an independent body corporate and politic" and "is not a department or agency of the state but is an independent instrumentality exercising essential government functions." The parties debate whether INPRS is a government entity for estoppel purposes; because we conclude that estoppel is inapplicable on other grounds, we need not answer that question. Also, Good argues that Section 5-10.2-4-1 is ambiguous based on its "incompetence" provision; that argument is waived for the reasons given in footnote 2 *supra*.

retroactively to her fifty-fifth birthday even if she delayed in applying for benefits.

Appellant's Br. at 14.

Good cites no authority, however, for the proposition that unjust enrichment may be used to defeat the application of a statute that she is charged with knowing. Under these circumstances, we conclude as a matter of law that unjust enrichment is also inapplicable.[4]

### Section 3 – Breach of Fiduciary Duty

"A claim for breach of fiduciary duty requires proof of three elements: (1) the existence of a fiduciary relationship; (2) a breach of the duty owed by the fiduciary to the beneficiary; and (3) harm to the beneficiary." *York v. Fredrick*, 947 N.E.2d 969, 978 (Ind. Ct. App. 2011), *trans. denied*. Good asserts, and INPRS does not dispute, that she has a fiduciary relationship with INPRS because it holds her retirement funds in trust pursuant to statute. *See* Ind. Code § 5-10.5-2-5 (stating that public retirement system "shall be managed and administered by a board of trustees").[5] Good states that she "contacted INPRS regarding her retirement funds and whether her benefits would be retroactive. INPRS misled her regarding the terms of the plan. As such Good delayed in filing for retirement and lost

---

[4] INPRS observes that "[t]he purchase of service credit does not provide for benefits for a specific date range" and that Good did receive "a benefit from her purchase of additional years" in the form of higher monthly pension payments. Appellee's Br. at 20, 21.

[5] In alleging a breach of fiduciary duty, Good cites a section of Indiana Code Article 30-4, i.e., the Trust Code. But Indiana Code Section 30-4-1-1(c)(8) provides that the rules of law contained in the Trust Code do not apply to "trusts created or authorized by statute other than this article," and Good has not established that INPRS was created or authorized by the Trust Code.

8

benefits. INPRS breached its fiduciary duty to [G]ood and there is no evidence to the contrary." Appellant's Br. at 10.

But there is no indication that Good's contact at INPRS was a fiduciary, as opposed to a mere ministerial employee who failed to give her complete information about retroactive benefits. *Cf. Schmidt v. Sheet Metal Workers' Nat'l Pension Fund*, 128 F.3d 541, 547-48 (7th Cir. 1997) (distinguishing between ERISA pension fund trustees and ministerial employee, who sent wrong paperwork to pension plan participant and intended beneficiary, in rejecting latter's breach of fiduciary duty claim; "[T]he Trustees did not make the misstatement on which [the plaintiff's] fiduciary duty claim is based—[the employee] did. Significantly, no evidence suggests that the Trustees either authorized, participated in, or had knowledge of [the employee's] misstatement, or that the Trustees deliberately withheld information from [the employee] about the proper means of making a beneficiary designation."), *cert. denied* (1998). And, as already mentioned, Good is charged with knowledge of the statute regarding the payment of retroactive benefits. In sum, Good has failed to establish that the Board erred in granting summary judgment on her fiduciary duty claim. Therefore, we affirm.

Affirmed.

FRIEDLANDER, J., and KIRSCH, J., concur.