**Petronio M. ILAGAN, M.D.,**
**Appellant–Petitioner,**

v.

**Phillip Anthony McABEE, Jr., Billie Sue Hiett, his Mother and Natural Guardian, and The Commissioner, Indiana Department of Insurance, Appellees–Respondents.**

No. 49A04–9302–CV–60.

Court of Appeals of Indiana,
Fourth District.

May 31, 1994.

Robert G. Weddle, Nana Quay–Smith, Bingham Summers Welsh & Spilman, Indianapolis, for appellant.

Vernon J. Petri, Thomas R. Harper, Vernon J. Petri, P.C., Indianapolis, for appellees.

CHEZEM, Judge.

### Case Summary

Appellant-defendant, Petronio M. Ilagan, M.D. ("Dr. Ilagan"), appeals the trial court's denial of his motion to dismiss the Medical Review Panel proceedings pending before the Indiana Department of Insurance. We reverse.

### Issue

Dr. Ilagan presents three issues for our review which we consolidate and restate as follows: did the trial court err in failing to grant judgment in favor of Dr. Ilagan where the plaintiff had filed with the insurance commissioner a notice of dismissal with prejudice?

### Facts and Procedural History

On February 27, 1989, Phillip McAbee and his mother Billie Sue Hiett (collectively "McAbee") filed a proposed complaint with the Indiana Department of Insurance alleging that Dr. Ilagan and other health care providers were negligent in treating Phillip after he suffered injuries in a motorcycle accident. On May 30, 1990, McAbee filed a "Dismissal of Proposed Complaint" with the insurance commissioner in which he dismissed his complaint against Dr. Ilagan

"with prejudice." The dismissal was not signed by Dr. Ilagan or any of the other defendants named in the proposed complaint.

On April 23, 1992, McAbee filed with the Insurance Commissioner an Amended Complaint for Damages, and a "Notice of Continuing action against Petronio M. Ilagan, M.D." which stated:

> [McAbee], by counsel, hereby notify[s] the Indiana Department of Insurance that [he] will proceed with [his] action against Petronio M. Ilagan, M.D., as set forth in [his] proposed complaint which was filed on February 27, 1989, and as stated in the Amended Proposed Complaint for Damages which is being filed concurrently with this notice. [McAbee] had hoped to be able to permanently suspend action against Dr. Ilagan, and regret that [his] action must be resumed. The Dismissal of Proposed Complaint filed by [McAbee] on May 25, 1990, is hereby withdrawn, and is now superseded by this Notice.

The amended complaint was in substance identical to the original proposed complaint.

On May 14, 1992, Dr. Ilagan filed with the trial court having jurisdiction over the subject matter a motion for preliminary determination of a question of law pursuant to Ind. Code § 16–9.5–10–1.[1] Dr. Ilagan sought a judgment in his favor, arguing that McAbee was barred from proceeding against him before the Medical Review Panel because McAbee had voluntarily dismissed the proposed complaint with prejudice. The trial court denied Dr. Ilagan's motion on December 8, 1992.

On January 7, 1993, Dr. Ilagan filed with the trial court another motion for preliminary determination of a question of law. Dr. Ilagan argued that the statute of limitations barred the malpractice action because McAbee's voluntary dismissal of the proposed complaint did not toll the statute and the amended proposed complaint was filed more than two years after the date of the alleged malpractice. Dr. Ilagan also requested that if his motion was denied, that the trial court

---

1. The Medical Malpractice Act, IC 16–9.5 *et seq.* was repealed and recodified as IC 27–12, effective July 1, 1993.

certify that order and the order of December 8, 1992, for interlocutory appeal. On January 20, 1993, the trial court denied Dr. Ilagan's motion for preliminary determination of a question of law and certified both orders for interlocutory appeal.

This court accepted jurisdiction on May 17, 1993.[2]

### Discussion and Decision

■ Dr. Ilagan contends the trial court erred in failing to grant judgment in his favor where McAbee had filed with the insurance commissioner a notice of dismissal with prejudice. McAbee contends the notice of dismissal was ineffective because it neither had the consent of the other parties, nor was a judicial order of dismissal obtained by filing the notice in a court of competent jurisdiction.

Dr. Ilagan argues that Trial Rule 41(A)(1), which governs voluntary dismissals in civil actions, should apply to medical review panel proceedings. That provision provides:

> Subject to contrary provisions of these rule or of any statute, an action may be dismissed by the plaintiff without order of court:
>
> (a) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs;
>
> \* \* \* \* \* \*
>
> Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, ..

Dr. Ilagan states that because an answer is not required in response to the filing of a proposed complaint with the insurance commissioner, and because McAbee did not file a motion for summary judgment with the trial court, McAbee's notice of dismissal was timely filed under the rule and therefore, dismissed Dr. Ilagan with prejudice. We disagree, however, that Trial Rule 41(A)(1) is applicable to a proceeding before a medical review panel. Trial Rule 1 limits the applicability of the trial rules to "practice in all courts of the State of Indiana ..." Proceedings before the medical review panel are administrative in nature. *Ground v. Methodist Hospital of Indiana* (1991), Ind.App., 576 N.E.2d 611 (medical review panel proceeding is an administrative action to which Trial Rule 41(E) does not apply).

■ We believe that the common law should govern voluntary dismissals by a plaintiff proceeding before a medical review panel: "As a rule, in the absence of statute or court rule, the question as to taking a voluntary dismissal or nonsuit, or discontinuing an action is controlled by the common law as announced or modified by legal decisions." I.L.E., Dismissal § 11, p. 4. Under the common law a plaintiff had a right to dismiss his action at any time before verdict. *Moore–Mansfield Construction Co. v. Marion, Bluffton & Eastern Traction Co.* (1913), 52 Ind.App. 548, 101 N.E. 15. Where an action is voluntarily dismissed without prejudice the situation is as though no action had ever been brought. I.L.E. Dismissal § 18, p. 18; *Burnett v. Camden* (1970), 253 Ind. 354, 254 N.E.2d 199.

■ Also recognized by Indiana common law was the retraxit. A retraxit is an open and voluntary renunciation by a plaintiff of his suit in court, made when the trial is called on, by which he forever loses his action, or is barred from commencing another action for the same cause. *Barnard v. Daggett* (1879), 68 Ind. 305. A retraxit operates as a dismissal of the cause with prejudice. I.L.E., Dismissal § 2, p. 3.

Here, McAbee's notice of dismissal operated as a common law retraxit. The notice unequivocally stated that it was dismissing Dr. Ilagan from the proceedings before the medical review panel "with prejudice." McAbee's intent was clear.

■ A dismissal with prejudice is a dismissal on the merits. *Lakeshore Bank & Trust Company v. United Farm Bureau Mutual Insurance Company, Inc.* (1985), Ind.App., 474 N.E.2d 1024. A dismissal with prejudice is conclusive of the rights of the parties and is res judicata as to any questions which might have been litigated. *Id.*

---

**2.** Oral argument was heard in Indianapolis on March 24, 1994.

The trial court erred in not granting judgment in favor of Dr. Ilagan.

Reversed.

SHARPNACK, C.J., concurs.

RILEY, J., concurs with Separate Opinion In which SHARPNACK, C.J., also concurs.

RILEY, Judge, concurring.

There is nothing in the Indiana Malpractice Act which prohibits the plaintiff from filing a dismissal of his or her proposed complaint pending before the Department of Insurance. I.C. 16–9.5–1–1 *et seq.*[3] However, when a proposed complaint is dismissed "with prejudice" the parties should have a right to rely on that dismissal. The parties seeking a dismissal are requesting the medical review panel to cease any further action against the named doctor or health care provider and thus those parties would no longer participate in preparation for litigation. To allow the plaintiff to file a proposed complaint almost two years after dismissal, as in this case, would certainly prejudice the rights of Dr. Ilagan since he has not been involved in the medical review procedure for the last two years. Other states do permit a plaintiff to withdraw his or her complaint while it is pending before an administrative agency and they have treated that withdrawal as binding. *See Dalessandro v. Monk* (2d Cir.1988), 864 F.2d 6.

Furthermore, the proposed complaint was voluntarily dismissed and this does not toll the statute of limitations. *Kohlman v. Finkelstein* (1987), Ind.App., 509 N.E.2d 228, *reh. denied, trans. denied.* In fact, a complaint which is voluntarily dismissed is treated as if it never existed, and thus cannot toll the statute of limitations. *Id.* at 232.

Once Dr. Ilagan raised the statute of limitations issue in his "Motion for Additional Preliminary Determination of a Question of Law," it became the plaintiffs' burden to prove that the statute should have been tolled because of fraudulent concealment or continuing wrong. *Conard v. Waugh* (1985), Ind.App., 474 N.E.2d 130. This they have failed to do. The second "amended" proposed complaint (which was the same complaint that had been voluntarily dismissed), was filed more than 2 years after the date of the alleged malpractice and would not relate back to the first complaint. The plaintiffs' proposed and amended complaints allege the malpractice of Dr. Ilagan occurred in April and May, 1988. The plaintiffs did not attempt to reinstate their action until April, 1992, almost two years after the statute of limitations had *expired.* Accordingly, the proposed amended complaint is barred by I.C. 16–9.5–3–1(a)[4] and should have been dismissed.

---

**3.** Repealed by P.L. 2–1993, § 209. Subject matter is now covered at I.C. 27–12–2–1 *et seq.*

