**Cathy HODGE, Appellant–Respondent,**

**v.**

**Alan H. JOHNSON, M.D., and Orthopaedic Associates, Inc., Appellees–Petitioners.**

**No. 82A04–0510–CV–568.**

Court of Appeals of Indiana.

Aug. 18, 2006.

---

**OPINION**

MAY, Judge.

Cathy Hodge appeals the trial court's Preliminary Determination of Law and grant of summary judgment in favor of Alan H. Johnson, M.D. She raises one issue: whether the trial court erred in determining she could not rescind her dismissal of a proposed medical malpractice complaint pending before the Indiana Department of Insurance.

Because court intervention is not required to voluntarily dismiss a complaint where the complainant unequivocally expresses her intent to dismiss, we hold the trial court did not err in determining Hodge dismissed her complaint. Accordingly, we affirm.

**FACTS AND PROCEDURAL HISTORY**

On November 8, 2002, Hodge filed a proposed complaint with the Indiana Department of Insurance (IDOI) for damages arising from Johnson's alleged act of malpractice. On December 27, 2002, Hodge sent a letter to the IDOI "to dismiss [her] complaint that was filed on November 8, 2002." (Appellant's App. at 22.) In April 2003 Hodge contacted the IDOI by phone stating she wanted to rescind her letter and keep her complaint intact. She was told her file was open.

The IDOI notified Johnson of the complaint on April 17, 2003. On June 17, 2003, in response to discovery requests by Johnson, Hodge sent Johnson a copy of her dismissal letter. She then contacted the IDOI in person and by phone to ensure her file was still open. She subsequently obtained counsel who discovered the file had been closed in March 2004 as a result of the dismissal letter. On October 7,

Terry A. White, Olsen, White & Hambidge, LLP, Evansville, IN, Attorney for Appellant.

Michael G. Smith, Bamberger, Foreman, Oswald and Hahn, LLP, Evansville, IN, Attorney for Appellees.

2004, she filed a second proposed complaint.

After receiving notice of the second complaint, Johnson filed a Petition for Preliminary Determination of Law. The trial court, after considering evidentiary exhibits, ruled Hodge had dismissed the first complaint and the second was barred because it was filed after the period allowed by the statute of limitations.[1]

## DISCUSSION AND DECISION

A motion for preliminary determination of law under Ind.Code § 34–18–11–1, which is unique to the Indiana Malpractice Act, is a procedure that authorizes the trial court to assert jurisdiction over threshold issues before the medical review panel has acted. *Jacobs v. Manhart,* 770 N.E.2d 344, 348 n. 4 (Ind.Ct.App.2002), *reh'g denied, trans. denied* 783 N.E.2d 701 (Ind.2002). When accompanied by evidence, the motion for preliminary determination is subject to the same standard of appellate review as a summary judgment. *Id.* at 348. "[W]here the evidence shows that there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate." *Id.* "We construe all facts and reasonable inferences drawn therefrom in a light most favorable to the non-moving party." *Id.* at 348–349. When a pure question of law is presented, we review the matter *de novo. Mahowald v. State,* 719 N.E.2d 421, 424 (Ind.Ct.App. 1999).

Hodge contends the trial court erred when it determined she had, with her December 27, 2002 letter, dismissed her first proposed complaint because "in order to dismiss a claim one must seek court intervention." (Br. of Defendant–Appellant at 9.) As court intervention is not required to dismiss a proposed complaint before the IDOI and no genuine issue of material fact exists, summary judgment was appropriate.

Because the trial rules do not address voluntary dismissals by a plaintiff proceeding before a medical review panel, the common law governs. *Ilagan v. McAbee,* 634 N.E.2d 827, 829 (Ind.Ct.App.1994). Under the common law, a plaintiff has a right to dismiss an action at any time before verdict. *Id.* Where an action is voluntarily dismissed without prejudice the situation is as though no action had been brought. *Id.* An open and voluntary renunciation by a plaintiff of his suit, a *retraxit,* operates as a dismissal with prejudice. *Id.*

In *Ilagan,* Phillip McAbee filed a proposed complaint with the IDOI alleging Dr. Ilagan had committed malpractice. *Id.* at 828. McAbee filed, "with prejudice," a "Dismissal of Proposed Complaint" with the IDOI. *Id.* He then withdrew his dismissal and filed an amended complaint identical to the first. *Id.* The trial court denied Ilagan's motion for a preliminary determination of law ruling McAbee did not voluntarily dismiss his complaint. *Id.* McAbee argued his dismissal was ineffective because he did not obtain a judicial order of dismissal by filing the notice in a court of competent jurisdiction as required by Ind. Trial Rule 41(A). *Id.* In reversing, we held the Trial Rules do not apply to a proceeding before a medical review panel because it is administrative in nature. *Id.* McAbee's clear intent to dis-

---

1. Ind.Code § 34–11–2–3 requires a medical malpractice action be filed within two years of the act, omission, or neglect. Hodge's second complaint was filed on October 7, 2004, more than three years from the date of the alleged malpractice on September 6, 2001.

miss Dr. Ilagan from the proceedings before the medical review panel operated as a common law *retraxit* because the dismissal unequivocally stated McAbee's intent to dismiss Dr. Ilagan with prejudice. *Id.* at 829.

 We find *Ilagan* dispositive. Like McAbee, Hodge expressed her clear intent "to dismiss [her] complaint that was filed on November 8, 2002." (Appellant's App. at 22.) This renunciation of her suit served as a voluntary dismissal of her cause.[2] Accordingly, we affirm.

Affirmed.

SULLIVAN, J., and BAKER, J., concur.

---

2. The dismissal does not indicate whether it is with or without prejudice. However, either reaches the same result. A dismissal with prejudice is one on the merits and "is conclusive of the rights of the parties and is *res judicata* as to any questions which might have been litigated." *Ilagan,* 634 N.E.2d at 829. A dismissal without prejudice renders the complaint as though it had never been brought, *id.;* however, Hodge's second complaint is time-barred by the statute of limitations. *See infra* n. 1.