

**FILED**

Jul 18 2023, 8:34 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEES |
|---|---|
| Phillip A. Norman | David W. Stone IV |
| Phillip A. Norman P.C. | Stone Law Office & Legal |
| Valparaiso, Indiana | Research |
| | Anderson, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| U.S. Bank National Association as Trustee for Manufactured Housing Contract Senior/Subordinate Pass-Through Certificate Trust 1998-7, | July 18, 2023 |
| | Court of Appeals Case No. 22A-MF-2184 |
| *Appellant-Plaintiff,* | Appeal from the Martin Circuit Court |
| v. | The Honorable Lynne E. Ellis, Judge |
| Mary Sue Spencer and Phillip L. Spencer, | Trial Court Cause No. 51C01-2009-MF-174 |
| *Appellees-Defendants.* | |

**Opinion by Judge Foley**
Judges Vaidik and Tavitas concur.

**Foley, Judge.**

[1] This appeal arises from the third attempt to foreclose on real property located in Martin County, Indiana ("Real Estate"). The U.S. Bank National Association ("U.S. Bank")[1] accepted a mortgage as collateral for the Real Estate and now seeks to foreclose. The Real Estate is presently owned by Mary Sue Spencer and Phillip L. Spencer (collectively "the Spencers"). Beginning in 2013, U.S. Bank filed a series of three foreclosure actions, the first two of which were dismissed upon motion by U.S. Bank, without prejudice and over the objection of the Spencers. In this most recent foreclosure action, U.S. Bank sought summary judgment. The trial court denied U.S. Bank's motion and, after a bench trial, entered judgment in favor of the Spencers and against U.S. Bank. We conclude that the trial court erroneously denied U.S. Bank's motion for summary judgment. Accordingly, we reverse, and remand with instructions to: (1) vacate the judgment; (2) enter partial summary judgment in favor U.S. Bank; and (3) conduct further proceedings consistent with this opinion.

## Facts and Procedural History

### I. Prior Litigation

[2] A summary of the prior foreclosure litigation regarding the Real Estate is in order before we proceed to the details of the case at bar.[2] The Real Estate's legal description provides that it is approximately 12.47 acres and located in

---

[1] For simplicity, U.S. Bank, shall also refer to any entity which held the note prior to U.S. Bank.

[2] Indiana Evidence Rule 201 provides in part that a court may take judicial notice of "the existence of . . . records of a court of this state." We avail ourselves of this rule for several of the following facts.

Martin County, Indiana.[3] It is a portion of what was originally a larger parcel, owned by one Sarah Spencer beginning in 1962. The Real Estate was transferred via quitclaim deed to Sarah and Ryan Spencer in 1998. In June of that year, Sarah and Ryan Spencer executed a note, secured by the mortgage on the Real Estate and a security interest in a manufactured home located on the Real Estate.[4] The mortgage was serviced by Green Tree Financial Servicing Company in the sum of $40,811.01.[5]

[3] Ryan Spencer[6] conveyed his interest back to Sarah Spencer, who then conveyed the Real Estate to Philip and Mary Sue Spencer, the Appellees, on February 10, 2009. Sarah Spencer died three days later. On October 15, 2013, U.S. Bank

---

[3] There was some confusion below as to the correct street address of the Real Estate, and the parties dedicate some briefing to that confusion. We do not address the matter. Suffice it to say:

> In order for a mortgage to be effective, it must contain a description of the land intended to be covered sufficient to identify it. The test for determining the sufficiency of a legal description is whether the tract intended to be mortgaged can be located with certainty by referring to the description.

*Samuels v. Garlick*, 49 N.E.3d 1116, 1121 (Ind. Ct. App. 2016) (quoting *Keybank Nat'l Ass'n v. NBD Bank*, 699 N.E.2d 322, 326 (Ind. Ct. App. 1998)). So long as the physical description of the property puts potentially interested parties on notice as to the boundaries and location of the property (and the parties here do not suggest otherwise), discrepancies regarding the street address are of no moment, and do not generate a genuine issue of *material* fact. Here, the metes and bounds legal description of the Real Estate in the various deeds and mortgage are consistent.

[4] There are references in the record to a "mobile" home. And, while there may be no definitional difference between a mobile home and a manufactured home, the mortgage referred used the term "manufactured home" and the correct terminology, according to the U.S. Department of Housing and Urban Development (as of June 15, 1976), is "manufactured" home. https://www.hud.gov/program_offices/housing/rmra/mhs/faqs (last accessed May 31, 2023).

[5] This company changed its name to "Ditech" and was eventually succeeded in the mortgage by Shellpoint Mortgage Servicing in approximately March 2020. Tr. Vol. II p. 22.

[6] Ryan Spencer eventually declared bankruptcy and was discharged from any personal liability under the note or mortgage.

filed a complaint alleging that the Spencers were in default and seeking to foreclose on the mortgage for the Real Estate under Cause Number 51C01-1310-MF-259 ("Foreclosure 1"). The Spencers filed an answer on October 25, 2013. On December 18, 2014, U.S. Bank filed a motion to dismiss the action pursuant to Trial Rule 41(A)(1)(a), erroneously asserting that the Spencers had not filed an answer.[7] The trial court granted the motion the same day and without further explanation issued an order dismissing the action without prejudice.

[4] Meanwhile, on December 2, 2014, sixteen days before its motion to dismiss in Foreclosure 1, U.S. Bank filed a second foreclosure action under Cause Number 51C01-1412-MF-301 ("Foreclosure 2").[8] On December 18, 2014, the Spencers filed a motion to dismiss the case pursuant to Indiana Trial Rule 12(B), given that there was already an identical pending action: Foreclosure 1. On December 29, 2014, the Spencers filed an objection to the U.S. Bank motion to dismiss in Foreclosure 1 (despite the fact that it had already been granted), noting that they had in fact filed an answer and the trial court's order to dismiss the case should have been with prejudice. The trial court denied the objection on the basis that "the Defendants withdrew their Motion to Dismiss in [Foreclosure 2]." Appellant's App. Vol. II p. 117. Notably, the trial court

---

[7] It does not appear that there was any activity in the case between the filing of the answer and the filing of the motion to dismiss.

[8] The record offers no clear explanation for why U.S. Bank filed a second action rather than merely pursuing its first.

expressly indicated that the dismissal of Foreclosure 1 was to remain "without prejudice." *Id.* And the chronological case summary in Foreclosure 2 shows an order entered by the trial court on January 7, 2015, ostensibly, via handwritten edits, denying the motion to dismiss as being moot due to the Spencers withdrawing the motion on December 29, 2014.[9]

[5] U.S. Bank filed a motion for summary judgment in Foreclosure 2 on May 29, 2015. Nearly a year later, on April 27, 2016, the trial court filed an order *sua sponte* directing the parties to file a motion seeking a hearing or risk the trial court dismissing the action for failure to prosecute. U.S. Bank filed a response indicating that it was waiting for bankruptcy court proceedings concerning Ryan Spencer.[10] On December 16, 2016, the trial court held a summary judgment hearing. The parties agreed to attempt mediation, which subsequently failed. In the meantime, on January 5, 2017, the trial court entered an order denying U.S. Bank's motion for summary judgment with respect to Count I of the complaint—which sought to foreclose the mortgage—but granted summary judgment on Count II, which sought replevin of the manufactured home. The result was, thus, a replevin judgment in favor of U.S.

---

[9] This withdrawal must have occurred informally, as we see no entry for a hearing on this date or a filing to this effect.

[10] Generally speaking, when a person files for bankruptcy, the court will enter an automatic stay preventing creditors from pursuing actions against the person while the bankruptcy proceedings are pending.

Bank and against the manufactured home, and a remaining, pending claim with respect to the mortgage foreclosure.

[6] U.S. Bank then filed a renewed motion for summary judgment on April 26, 2017. The trial court denied the motion on June 29, 2017, finding that there was a genuine issue of material fact with respect to the location of the Real Estate. On July 14, 2017, a telephonic status conference resulted in the trial court instructing U.S. Bank to file an affidavit or supporting documentation for the addresses associated with the Real Estate. U.S. Bank filed a motion for an extension of time to comply with that order on September 13, 2017, and then a second motion for an extension of time on November 9, 2017. Then, on January 18, 2018, U.S. Bank withdrew its renewed motion for summary judgment (even though it had apparently already been denied). The January 18, 2018, motion indicated that U.S. Bank had learned of a legal description/title claim issue, and, therefore, "summary judgment for foreclosure of the real estate/land [was] not appropriate at [that] time." Appellant's App. Vol. II p. 156. The trial court granted the motion the same day.

[7] Nothing happened for approximately eighteen months, at which point U.S. Bank filed a "Motion of Voluntary Dismissal" on July 11, 2019, requesting dismissal of the cause without prejudice under Trial Rule 41(A)(2). *Id.* at 158. The trial court granted U.S. Bank's dismissal, without prejudice, by order issued July 12, 2019. Five days later, the Spencers filed their "Response to Motion of Voluntary Dismissal[,]" and again argued that the dismissal should

be *with* prejudice, given that U.S. Bank had not complied with court orders during the course of the litigation and was not entitled to a dismissal without prejudice. The trial court took no action on the Spencers objection to the dismissal.[11]

### II.    Present Case

[8]    Over a year later, on September 25, 2020, U.S. Bank filed its third attempt to foreclose the mortgage on the Real Estate. Rather than seeking to reinstate Foreclosure 2, U.S. Bank filed a new "In Rem Complaint for Foreclosure of Note and Mortgage." *Id*. at 16. The Spencers filed an answer on October 13, 2020. Another year passed before U.S. Bank filed another motion for summary judgment on September 21, 2021. After a hearing on the motion, the trial court denied the motion for summary judgment on December 1, 2021, in an order containing no findings of fact or conclusions of law. The case then went to a bench trial, after which the trial court found for the Spencers, holding that "[b]ased upon the foregoing Findings of Fact and Conclusions of Law, [U.S. Bank] is precluded from foreclosing the 12.47 acres owned by [the Spencers]." *Id*. at 14.

[9]    Pertinent to this appeal are three of the trial court's conclusions of law:

> Consequently, based upon the Facts as stated above relating to
> the prior two (2) cases [and Trial Rule 41], the instant case was

---

[11] We consider the post-judgment objection to essentially be a motion to reconsider. Under Trial Rule 53.4(B) any such motions not ruled upon within five days are deemed denied.

barred by prejudice when the Plaintiff's Notice of Voluntary Dismissal filed in [MF-301] was filed 7/11/2019.

. . . .

Indiana Code 26-1-9.1-620 (g) states: "In a consumer transaction, a secured party may not accept collateral in partial satisfaction of the obligation it secures." Because [U.S. Bank] accepted collateral for the mortgage in the form of the mobile home, they had to accept it in full satisfaction of the obligation, and since they received the mobile home in the previous judgment, the obligation has been satisfied.

. . . .

[U.S. Bank] has sought foreclosure of the 12.47 acres in equity, but, it has not done equity at all, nor does [U.S. Bank] have clean hands. [U.S. Bank] filed multiple lawsuits, voluntarily dismissed the 2014 case because it could not provide an appropriate address for the property secured by the mortgage, secured a judgment in rem against the mobile home, failed and refused to sell the mobile home in 2017, failed to make claims for vandalism of the mobile home, which was or clearly should have been disclosed by the inspections, and in short acted with unclean hands throughout the matter.

*Id*. at 15–16. U.S. Bank now appeals.

## Discussion and Decision

U.S. Bank seeks two alternative forms of relief. First, it requests that we reverse the trial court's order denying its motion for summary judgment and order the trial court to enter summary judgment in favor of U.S. Bank. If we decline to

do so, U.S. Bank asks that we reverse the final judgment as clearly erroneous. Resolving the case by granting the first relief requested, we need not reach the matter of the second.

[11] "[A] party seeking review of denial of a summary judgment motion must ordinarily do so by way of interlocutory appeal." *Bd. of Trustees of Ball State Univ. v. Strain*, 771 N.E.2d 78, 81 (Ind. Ct. App. 2002) (citing *Keith v. Mendus*, 661 N.E.2d 26, 35 (Ind. Ct. App. 1996), *trans. denied*). "Yet, once final judgment is entered following trial, the ultimate determination of the trier of fact upon the merits of the claim has occurred, and the interlocutory nature of the denial of summary judgment terminates." *Id*. "Accordingly, a party who fails to bring an interlocutory appeal from the denial of a motion for summary judgment may nevertheless pursue appellate review after the entry of final judgment." *Id*. (internal quotation omitted).

[12] "'When this Court reviews a grant or denial of a motion for summary judgment, we stand in the shoes of the trial court.'" *Minser v. DeKalb Cnty. Plan Comm'n*, 170 N.E.3d 1093, 1098 (Ind. Ct. App. 2021) (quoting *Burton v. Benner*, 140 N.E.3d 848, 851 (Ind. 2020)). "Summary judgment is appropriate 'if the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.'" *Id*. (quoting *Murray v. Indianapolis Pub. Schs.*, 128 N.E.3d 450, 452 (Ind. 2019)); *see also* Ind. Trial Rule 56(C).

[13] The summary judgment movant invokes the burden of making a *prima facie* showing that there is no issue of material fact and that it is entitled to judgment as a matter of law. *Burton*, 140 N.E.3d at 851. The burden shifts to the non-moving party which must then show the existence of a genuine issue of material fact. *Id*. On appellate review, we resolve "[a]ny doubt as to any facts or inferences to be drawn therefrom . . . in favor of the non-moving party." *Id*.

[14] We review the trial court's ruling on a motion for summary judgment de novo, and we take "care to ensure that no party is denied his day in court." *Schoettmer v. Wright*, 992 N.E.2d 702, 706 (Ind. 2013). "We limit our review to the materials designated at the trial level." *Gunderson v. State, Ind. Dep't of Nat. Res.*, 90 N.E.3d 1171, 1175 (Ind. 2018), *cert. denied*.

[15] Ordinarily, when a trial court enters findings at the summary judgment stage, we note that such findings may aid our review, but do not bind us. *See, e.g., In re Supervised Estate of Kent*, 99 N.E.3d 634, 637 (Ind. 2018). As we noted *supra*, the trial court did not enter any findings of fact or conclusions of law when it denied U.S. Bank's motion for summary judgment. It *did* enter such findings as part of its final judgment. With that posture in mind, we elect to undertake an examination of the trial court's reasoning as described in its final judgment. The trial court's ultimate findings potentially provide insight into its reasoning in denying the motion for summary judgment, and, thus, consideration of those findings will be instructive. Additionally, the final judgment provides a ready-made frame of reference which aids in the organization of our *de novo* review.

[16] The trial court offered three bases for granting judgment in favor of the Spencers. First, the trial court held that, under Indiana Code Section 26-1-9.1-620(g), the Spencers' mortgage obligation was satisfied in full via the replevin judgment against the manufactured home. Second, the trial court held that U.S. Bank came to the latest foreclosure action with unclean hands. And third, the trial court held that the instant case is barred on the basis of the voluntary motion for dismissal filed in Foreclosure 2 pursuant to Trial Rule 41(A)(1)(a).[12] We find it illuminative to consider why each of these three bases is unpersuasive, and, after examining them, ultimately turning to the reasons why U.S. Bank is entitled to judgment as a matter of law.

## I.      Collateral as Full Satisfaction of Obligation

[17] "The Indiana General Assembly [has] adopted the [Uniform Commercial Code,]" as codified in Title 26 Article 1 of the Indiana Code (Uniform Commercial Code). *EngineAir, Inc. v. Centra Credit Union*, 107 N.E.3d 1061, 1066 (Ind. Ct. App. 2018). Part of that Article provided one of the bases for the trial court's decision. Indiana Code Section 26-1-9.1-620(g) provides: "In a consumer transaction, a secured party may not accept collateral in partial satisfaction of the obligation it secures." From this, the trial court deduces that the manufactured home must have been accepted in full satisfaction of the mortgage obligation when U.S. Bank obtained the replevin judgment against

___

[12] These bases are listed non-consecutively relative to the trial court's order, but in order of which bases are easiest to address on appeal.

the manufactured home. Therefore, the reasoning goes, U.S. Bank may not foreclose: the Spencers do not owe them anything.

[18] We disagree with the trial court's reasoning based on the following statute:

> If a security agreement covers both personal and real property, a secured party may proceed:
>
>> (1) under IC 26-1-9.1-601 through IC 26-1-9.1-628 as to the personal property without prejudicing any rights with respect to the real property; or
>>
>> (2) as to both the personal property and the real property in accordance with the rights with respect to the real property, in which case the other provisions of IC 26-1-9.1-601 through IC 26-1-9.1-628 do not apply.

I.C. § 26-1-9.1-604(a); *see also Petz v. Est. of Petz,* 467 N.E.2d 780, 782 (Ind. Ct. App. 1984) (holding that because the security interest involved both real and personal property it was governed by the real property law and Article 9 of the Uniform Commercial Code was inapplicable).[13] Here, the security agreement covers both the manufactured home (which is personalty) and the Real Estate. *See* Appellant's App. Vol. II p. 30. U.S. Bank chose to proceed—in the second litigation—against both the Real Estate and the personalty, prevailing in the latter and voluntarily dismissing with respect to the former. Thus, Section 620

---

[13] Article 9 of the Uniform Commercial Code was repealed by the General Assembly in 2000 and replaced with Article 9.1. The pertinent statutory text, however, has not been materially altered for purposes of this case.

does not apply to the instant matter and cannot serve as a sufficient basis for concluding that the U.S. Bank was precluded from foreclosing on the Real Estate.

## II.    Unclean Hands

We next address the trial court's conclusion that U.S. Bank "acted with unclean hands throughout the matter." Appellant's App. Vol. II p. 16. "An action to foreclose a mortgage is essentially equitable in nature." *U.S. Bank, Nat. Ass'n v. Miller*, 44 N.E.3d 730, 740 (Ind. Ct. App. 2015) (citing *Deutsche Bank Nat'l Tr. Co. v. Mark Dill Plumbing Co.*, 903 N.E.2d 166, 168 (Ind. Ct. App. 2009)). Accordingly, "trial courts have 'full discretion to fashion equitable remedies that are complete and fair to all parties involved.'" *Deutsche Bank*, 903 N.E. 2d at 168 (quoting *Porter v. Bankers Tr. Co. of Cal., N.A.*, 773 N.E.2d 901, 909 (Ind. Ct. App. 2002)).

"The unclean-hands doctrine is an equitable tenet that demands one who seeks equitable relief to be free of wrongdoing in the matter before the court." *Kahn v. Baker*, 36 N.E.3d 1103, 1116 (Ind. Ct. App. 2015) (citing *Coppolillo v. Cort*, 947 N.E.2d 994, 1000 (Ind. Ct. App. 2011)), *trans denied*. "The purpose of the unclean-hands doctrine is to prevent a party from reaping benefits from his or her misconduct." *Id*. at 1116–17. "For the doctrine of unclean hands to apply, the alleged wrongdoing must be intentional and must have an immediate and necessary relation to the matter being litigated." *Id*. 1117. "The doctrine of unclean hands is not favored by the courts and must be applied with reluctance and scrutiny." *Id*.

We cannot agree with the trial court's conclusion that the evidence supports the inference that U.S. Bank comes to the instant matter with unclean hands. First, we note that the Spencers did not raise the unclean hands doctrine as a defense in their answer to the complaint, though it does appear that they raised it during the bench trial. Second, the trial court's analysis regarding unclean hands appears to stray beyond the boundaries of the evidentiary record. Third, as we explain *infra*, U.S. Bank is in its current position at least in part because of discretionary determinations made by the trial court. And fourth and finally, though U.S. Bank's conduct in the prior cases was no model of efficient litigation practices, we do not find factual support that its actions constitute *intentional* misconduct.

### III.  Trial Rule 41[14]

Finally, we turn to the trial court's conclusion that the instant case is barred by Indiana Trial Rule 41. For its conclusion, the trial court relied upon subsection (A), which provides:

> (A) Voluntary dismissal: Effect thereof.
>
> > (1) By plaintiff—By stipulation. Subject to contrary provisions of these rules or of any statute, an action may be dismissed by the plaintiff without order of court:

---

[14] Though the Spencers did not raise unclean hands or Indiana Code Section 26-1-9.1-620(g) at the summary judgment stage, we note that they did raise a version of the Rule 41 argument in their response to the motion for summary judgment.

(a) by filing a notice of dismissal at any time before service by the adverse party of an answer or of a motion for summary judgment, whichever first occurs; or

(b) by filing a stipulation of dismissal signed by all parties who have appeared in the action.

Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim. The provisions of this subdivision shall not apply if the plaintiff in such action could not effectuate service of process, or otherwise procure adjudication on the merits.

(2) By order of court. Except as provided in subsection (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper. If a counterclaim or cross-claim has been pleaded by a defendant prior to the service upon him of the plaintiff's motion to dismiss, the action shall not be dismissed against the defendant's objection unless the counterclaim or cross-claim can remain pending for independent adjudication by the court. Unless otherwise specified in the order, a dismissal under this subsection is without prejudice.

"The purpose of this rule is 'to eliminate evils resulting from the absolute right of a plaintiff to take a voluntary nonsuit at any stage in the proceedings before

the pronouncement of judgment and after the defendant had incurred substantial expense or acquired substantial rights.'" *Sevilla v. Lopez*, 150 N.E.3d 683, 686 (Ind. Ct. App. 2020) (quoting *Rose v. Rose*, 526 N.E.2d 231, 234 (Ind. Ct. App. 1988)), *trans denied*. "Generally, dismissals should be permitted 'unless the defendant will suffer some legal prejudice other than the mere prospect of a second lawsuit.'" *Id.*

[23] Specifically, the trial court, here, reasoned that the dismissal in Foreclosure 2 met the criteria of Rule 41(A)(1)(a) and thus that dismissal was made with prejudice, even though the relevant order expressly states that Foreclosure 2 was dismissed *without* prejudice. The trial court misconstrues which portion of Rule 41 governs the dismissal.

[24] The language "except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of the United States or of any state an action based on or including the same claim[,]" in Rule 41 is known as the 'two-dismissal' rule within the federal counterpart to Rule 41, which employs materially similar language. "The purpose of the 'two dismissal' rule, 'pointed out in numerous decisions, is to prevent unreasonable abuse and harassment,' [ ] 'by plaintiff securing numerous dismissals without prejudice.'" *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987) (quoting *Am. Cyanamid Co. v. McGhee*, 317 F.2d 295, 297 (5th Cir. 1963)) *cert. denied*; 9 C. Wright & A. Miller, Federal Practice and Procedure § 2368, at 187 (1971) (footnote omitted)). "Rule 41(a)(1) was intended to eliminate 'the annoying of a defendant by being

summoned into court in successive actions and then, if no settlement is arrived at, requiring him to permit the action to be dismissed and another one commenced at leisure[.]'" *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 397 (1990) (quoting 2 American Bar Association, Proceedings of the Institute on Federal Rules, Cleveland, Ohio, 350 (1938)). Because we resolve the issue considering the plain language of the Rule, we need not reach the decision of whether to adopt federal courts' two-dismissal rule.

[25] Here, however, we conclude that the trial court erroneously applied some version of that rule. Though U.S. Bank's motion in Foreclosure 2 was labelled as a motion for a voluntary dismissal, it failed to meet the criteria required by Rule 41(A)(1)(a), which governs dismissals that do not implicate the discretion of the trial court. By the time U.S. Bank asked for Foreclosure 2 to be dismissed, the matter had been litigated for years, an answer served, and multiple motions for summary judgment ruled upon. Thus, the dismissal was clearly beyond the purview of Rule (A)(1)(a) and, because the Spencers did not stipulate to the dismissal of Foreclosure 2 (to the contrary, they objected to said dismissal), Rule 41(A)(1)(b) does not apply either. *See, e.g., Rose*, 526 N.E.2d at 235 ("Where a hearing has been conducted on an issue which goes to the merits of the controversy, voluntary dismissal is inappropriate." (citing *Harvey Aluminum, Inc. v. Am. Cyanamid Co.*, 203 F.2d 105, 107 (2nd Cir. 1953), *cert. denied)*; *Murray v. Conseco, Inc.,* 467 F.3d 602, 605 (7th Cir. 2006) ("Here, Rule 41(a)(1) is not implicated because the motion was filed after the answer and was not signed by all parties.").

[26] Thus, Rule 41(A)(1) is inapplicable to the case at bar. Plainly, Foreclosure 2 was actually dismissed under Rule 41(A)(2). U.S. Bank asked for leave to dismiss the action without prejudice, and the trial court granted the request.[15] "[A] trial court's grant of a plaintiff's motion to voluntarily dismiss a suit 'dissolves any and all interlocutory orders,' puts the parties back into the position of the suit never having been filed, and renders any contested issues as to the dismissed claims moot." *Kenworthy v. Lyons Ins. & Real Est., Inc.*, 185 N.E.3d 405, 411 (Ind. Ct. App. 2022) (quoting *Fair Share Org. v. Kroger Co.*, 176 N.E.2d 205, 211 (Ind. Ct. App. 1961)). Rule 41(A)(2) expressly provides that such a dismissal is subject to "such terms and conditions as the court deems proper." Those terms and conditions might include a plaintiff's diligence in prosecuting the action or in bringing a motion for voluntary dismissal without prejudice, or whether a hearing has been held on the merits of the case. *See, e.g., Finke v. N. Ind. Pub. Serv. Co.*, 862 N.E.2d 266, 272 (Ind. Ct. App. 2006), *trans. denied*. And the primary concern when "determining the propriety of a voluntary dismissal is whether or not the party opposing the dismissal would be substantially prejudiced by dismissal." *Hidden Valley Lake Prop. Owners Ass'n v. HVL Utils., Inc.*, 445 N.E.2d 575, 576 (Ind. Ct. App. 1983) (citing *Levin & Sons, Inc. v. Mathys*, 409 N.E.2d 1195 (Ind. Ct. App. 1980)).

---

[15] This falls shy of the common law act of retraxit, which requires a formal repudiation of one's right to pursue a claim. "An open and voluntary renunciation by a plaintiff of his suit, a retraxit, operates as a dismissal with prejudice." *Hodge v. Johnson*, 852 N.E.2d 650, 652 (Ind. Ct. App. 2006), *trans. denied*; *see also Ilagan v. McAbee,* 634 N.E.2d 827, 829 (Ind. Ct. App. 1994).

[27] Of course, the propriety of that order of dismissal in Foreclosure 2—and, by extension, the question of whether the Spencers were prejudiced by the dismissal of a protracted legal action—is not before us now. And, indeed, the trial court did not announce its reasons for granting the motion to dismiss, nor did it issue any order in response to the Spencers' objection to the motion to dismiss, thereby denying the objection. What is clear, however, is that the order to dismiss was expressly entered without prejudice. A dismissal without prejudice is not a judgment on the merits of the dismissed claims, and the dismissal does not bar a future case raising those same claims. *See, e.g., Zaremba v. Nevarez*, 898 N.E.2d 459, 463 (Ind. Ct. App. 2008). As we have already noted, "a trial court's grant of a plaintiff's motion to voluntarily dismiss a suit . . . puts the parties back into the position of the suit never having been filed . . . ." *Kenworthy*, 185 N.E.3d at 411 (internal quotation omitted). The parties stand as if the prior suit had never been filed, restored to their original positions, free to file the suit again. The Spencers offer no compelling reason to abrogate that long settled principle.

### IV.   *Summary Judgment*

[28] Having dispatched three reasons for which U.S. Bank may be precluded from summary judgment—the three the trial court ultimately relied upon to grant judgment in favor of the Spencers—we turn to the *de novo* question of whether the trial court erred in denying U.S. Bank's motion for summary judgment.

[29] "'A mortgage is an interest in real property that secures a creditor's right to repayment.'" *U.S. Bank Tr. Nat'l Ass'n as Tr. of Am. Homeowner Pres. Tr. Series*

*2015 A+ v. Dugger*, 193 N.E.3d 1015, 1019–20 (Ind. Ct. App. 2022) (quoting *McCullough v. CitiMortgage, Inc.*, 70 N.E.3d 820, 827 (Ind. 2017)) (internal quotation omitted). "Accordingly, an action to foreclose a mortgage is an *in rem* (i.e., against the property) proceeding." *Id*. (citing *Dipert v. Killingbeck*, 124 Ind. App. 18, 112 N.E.2d 306 (1953); 20 Ind. Law Encyc. Mortgages § 149 (2022)). Nevertheless, "[u]pon a debtor's default, in addition to the remedy of an *in rem* action of foreclosure, a creditor may sue to establish the debtor's *in personam* (i.e., personal) liability for any deficiency on the debt and may enforce a judgment against the debtor's personal assets." *Id*. (citing *McCullough*, 70 N.E.3d 820.)

[30] Thus, in order to prevail on its summary judgment motion, U.S. Bank must demonstrate that the Spencers were in default under the terms of the note and mortgage. It may then recover in accordance with the terms of the mortgage instrument. "The basic requirements for a contract are offer, acceptance, consideration, and a meeting of the minds between the contracting parties on all essential elements or terms of the transaction." *Paul Terrault & Gary Cmty. Sch. Corp. v. Scheere*, 200 N.E.3d 490, 495 (Ind. Ct. App. 2022) (citing *Jernas v. Gumz*, 53 N.E.3d 434, 444 (Ind. Ct. App. 2016), *trans. denied*). Once the terms are agreed upon, a party violating those terms may be sued for breach of contract. Here, the parties do not appear to contest that the Spencers were in default, and, thus, in violation of the mortgage instrument's terms. *See* Appellant's Br. p. 9 ("After December 13, 2013, no further payments or credits were made."); Appellee's Br. p. 5 ("The Bank's statement of facts is acceptable . . . ."). We

find nothing in the designated evidence to suggest that the Spencers were in fact making the required payments and complying with their obligations under the note and mortgage. U.S. Bank made a *prima facie* case of default, and the Spencers offered no rebuttal. Thus, U.S. Bank is entitled to partial summary judgment on its foreclosure action.

[31] Where the parties do disagree is on the amount owed, or damages. The Spencers identify a series of inconsistencies, unexplained charges, and a disparity between the amount of the loan and amount U.S. Bank claims it is owed that the Spencers say is not accounted for by the interest rate. U.S. Bank responds that the primary inconsistency identified is between an affidavit of debt,[16] and a prior affidavit from a foreclosure specialist filed in one of the prior litigations. Those factors are of no moment, however, as they go to the weight of the evidence, not to the question of the existence of a genuine issue of material fact. Moreover, given U.S. Bank's repeated delays and multiple lawsuits, we also find that there is a genuine issue of material fact with respect to how much it is entitled to as far as "reasonable costs incur[ed] to collect [the] debt." Appellant's App. Vol. II p. 23. The mortgage terms further dictate that any attorney's fees recovered must also be "reasonable." *Id.* In short, the correct amounts owed under the note and mortgage is not conclusively dictated

---

[16] The Spencers unsuccessfully sought to have the affidavit of debt stricken from the designated evidence. Attached to the motion was the conflicting affidavit from the previous case. Appellant's App. Vol. II p. 89. The Spencers also designated the conflicting affidavit as evidence, flatly belying U.S. Bank's claim that if the Spencers "had evidence that the current total due and owing on Ryan Spencer's loan should be different, they failed to designate it." Appellant's Reply Br. p. 6.

by the designated evidence.[17]  That amount must be determined by further proceedings.

[32]  Accordingly, we reverse and remand with instructions to the trial court to vacate the judgment, enter a new order granting partial summary judgment to U.S. Bank on its foreclosure, and conduct further proceedings consistent with this opinion.

[33]  Reversed and remanded.

[34]  Vaidik, J., and Tavitas, J., concur.

---

[17] A witness for U.S. Bank also indicated at trial that U.S. Bank would be willing to waive some of the fees listed in the designated evidence.