


FILED

May 29 2024, 9:13 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Court of Appeals of Indiana

Jay F. Vermillion,

*Appellant-Respondent*

v.

Anonymous M.D. 2,

*Appellee-Petitioner*

---

May 29, 2024

Court of Appeals Case No.
23A-CT-2322

Appeal from the Madison Circuit Court

The Honorable Angela Warner Sims, Judge

Trial Court Cause No.
48C01-2302-CT-23

---

**Opinion by Judge Riley**
Judges Brown and Foley concur.

**Riley, Judge.**

## STATEMENT OF THE CASE

[1] Appellant-Plaintiff, Jay F. Vermillion (Vermillion), appeals the trial court's dismissal of his medical malpractice claim against Appellee-Defendant, Anonymous M.D. 2.[1]

[2] We affirm.

## ISSUE

[3] Vermillion presents this court with one issue on appeal, which we restate as: Whether the trial court abused its discretion when it dismissed Vermillion's medical malpractice claim brought against Anonymous M.D. 2 after Vermillion voluntarily withdrew his claim.

## FACTS AND PROCEDURAL HISTORY

[4] On June 9, 2021, Vermillion filed a Proposed Complaint with the Indiana Department of Insurance (IDOI), alleging a claim of medical malpractice against Anonymous M.D. 2 and other named defendants[2] for rendering medical care or treatment that was "constitutionally deficient and below the appropriate standard of care" and which resulted in "intangible damages" so as

---

[1] Under the mandate of the Indiana Medical Malpractice Act, specifically Indiana Code section 34-18-8-7, the identity of the defendants in a medical malpractice case not yet decided by the medical review panel must remain confidential.

[2] Only Anonymous M.D. 2 is involved in the proceedings before this court.

to require compensation. (Appellee's App. Vol. II, p. 2). On August 2, 2021, counsel for Anonymous M.D. 2 sent a letter informing Vermillion that he intended to move forward with composing a medical review panel and proposed a candidate to serve in the capacity of Panel Chairman. Included in the letter was Anonymous M.D. 2's first set of interrogatories and requests for production of documents. On August 10, 2021, Vermillion responded that he had decided against bringing any state law claim of medical malpractice against any of the named defendants, stating that he had only filed the Proposed Complaint to "toll the statute of limitations and satisfy the statutory condition prerequisite to commencing a medical malpractice action." (Appellee's App. Vol. II, p. 36). Vermillion clarified that "I have not brought, and have subsequently decided against bringing, any state law claims of medical malpractice against any of the named defendants." (Appellee's App. Vol. II, p. 37). In response to Vermillion's statement that he had decided against bringing any state law claims of medical malpractice against the named defendants, Anonymous M.D. 2 provided Vermillion with a withdrawal of claim form consistent with his representations. Because he did not receive a response, Anonymous M.D. 2 sent Vermillion another letter on December 10, 2021, which again included the withdrawal of claim form and another copy of the first set of discovery requests. Vermillion did not return the withdrawal of claim form nor did he answer the discovery requests.

[5] On February 1, 2023, counsel for Anonymous M.D. 2 filed a petition for preliminary determination and motion to compel discovery with the trial court

pursuant to Indiana Code section 34-18-11-1. On February 14, 2023, Vermillion filed his response, again admitting that he was unsure as to whether he wanted to pursue the medical malpractice claim against Anonymous M.D. 2 and again noting that he had merely filed the Proposed Complaint to toll the statute of limitations. On March 8, 2023, the trial court granted Anonymous M.D. 2's motion to compel. Vermillion never responded to the discovery request.

[6] On March 24, 2023, Vermillion filed a withdrawal of claim with the IDOI, in which he stated, in pertinent part, that

> The purpose of said Proposed Complaint was to simply toll the statute of limitations and satisfy the statutory condition precedent to commencing a medical malpractice action, should he decide to pursue such claim against [Anonymous M.D. 2].
>
> Since that time, however, [Vermillion], in a 1983 Civil Rights action, has brought deliberate indifference claims against [Anonymous M.D. 2].
>
> As such, [Vermillion] has subsequently concluded that a State law claim of medical malpractice is not currently necessary.
>
> ACCORDINGLY, [Vermillion] hereby withdraws his proposed State law medical malpractice claim against proposed defendant [Anonymous M.D. 2].

(Appellee's App. Vol. II, p. 74). Vermillion additionally filed a motion with the trial court to dismiss Anonymous M.D. 2's petition for preliminary determination of law and motion to compel discovery. In his motion, he

informed the trial court that "on March, 24, 2023, [Vermillion] notified the IDOI of his decision to withdraw his proposed claim against [Anonymous M.D. 2]" and therefore, "the proposed case or controversy against [Anonymous M.D. 2] before the IDOI no longer exists." (Appellee's App. Vol. II, pp. 77, 78).

On June 22, 2023, the trial court conducted a telephonic conference, at which Vermillion did not appear. Thereafter, on June 28, 2023, the trial court entered an Order of dismissal, "directing the [IDOI] to show [Vermillion's] claim [] as hereby DISMISSED. Furthermore, based upon the verified representations of [Vermillion] that he did not intend to file any claim for medical malpractice against [Anonymous M.D. 2], the Commissioner of the [IDOI] is hereby ordered to EXPUNGE any record of claim [] as to [Anonymous M.D. 2]." (Appellee's App. Vol. II, p. 80).

On July 28, 2023, Vermillion filed a motion to correct error, denying that his motion of March 24, 2023 was a request to dismiss his claim. On August 28, 2023, the trial court denied Vermillion's motion, concluding that its Order "is consistent with [Vermillion's] voluntary dismissal of his underlying claim" before the IDOI. (Appellee's App. Vol. II, p. 92).

Vermillion now appeals. Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

Following Anonymous M.D. 2's motion for preliminary determination of law and motion to compel and the trial court's subsequent Order of dismissal,

Vermillion on appeal disputes the trial court's authority to dismiss his medical malpractice claim and requests this court to reverse the trial court's Order. Decisions as to whether to dismiss a proposed complaint under the Medical Malpractice Act are reviewed for an abuse of discretion. *Mooney v. Anonymous M.D. 4*, 991 N.E.2d 565, 575-76 (Ind. Ct. App. 2013). An abuse of discretion exists when the trial court's decision is clearly against the logic and effect of the facts and circumstances before it or the reasonable, probable, and actual deductions to be drawn therefrom. *Id.* at 576.

[11] Because the Trial Rules do not address voluntary dismissals by a plaintiff of a proceeding before a medical review panel, the common law governs. *Hodge v. Johnson*, 852 N.E.2d 650, 652 (Ind. Ct. App. 2006); *Ilagan v. McAbee*, 634 N.E.2d 827, 829 (Ind. Ct. App. 1994). Under the common law, a plaintiff has a right to dismiss an action at any time before the verdict. *Hodge*, 852 N.E.2d at 652. Where an action is voluntarily dismissed without prejudice the situation is as though no action had been brought. *Id.* An open and voluntary renunciation by a plaintiff of his suit, a *retraxit,* operates as a dismissal with prejudice. *Id.*

[12] In *Ilagan*, McAbee filed a proposed complaint with the IDOI alleging Dr. Ilagan had committed malpractice. *Ilagan*, 634 N.E.2d at 828. Thereafter, McAbee filed, "with prejudice," a "dismissal of proposed complaint" with the IDOI. *Id.* He then withdrew his dismissal and filed an amended complaint identical to the first. *Id.* The trial court denied Dr. Ilagan's motion for a preliminary determination of law and ruled that McAbee had not voluntarily

dismissed his complaint. *Id.* McAbee—like Vermillion in the instant case—argued his dismissal was ineffective because he did not obtain a judicial order of dismissal by filing the notice in a court of competent jurisdiction as required by Indiana Trial Rule 41(A). *Id.* In reversing, we held that the Trial Rules do not apply to a proceeding before a medical review panel because it is administrative in nature. *Id.* As such, we concluded that "the common law should govern voluntary dismissals by a plaintiff proceeding before a medical review panel: As a rule, in the absence of statute or court rule, the question as to taking a voluntary dismissal or nonsuit, or discontinuing an action is controlled by the common law as announced or modified by legal decisions." *Id.* at 829. Since "[u]nder the common law a plaintiff had a right to dismiss his action at any time before verdict," we held that McAbee's clear intent to dismiss Dr. Ilagan from the proceedings before the medical review panel operated as a common law *retraxit* because the dismissal unequivocally stated McAbee's intent to dismiss Dr. Ilagan with prejudice. *Id.* at 829.

[13] Similarly in *Hodge*, while relying on *Ilagan*, we affirmed the trial court's ruling that Hodge had voluntarily dismissed her medical malpractice complaint after she expressed her clear intent "to dismiss [her] complaint that was filed on November 8, 2022" in a letter to the IDOI. *Hodge*, 852 N.E.2d at 653. We found that "[t]his renunciation of her suit served as a voluntary dismissal of her cause." *Id.*

[14] Vermillion's citation to and reliance upon *Adams v. Chavez*, 874 N.E.2d 1038, 1043 (Ind. Ct. App. 2007) is not persuasive, as Adams was decided in light of

the involuntary dismissal procedure of Indiana Trial Rule 41(E) as applied within the boundaries of the Medical Malpractice Act after the defendant filed a motion to dismiss for failure to prosecute. *See* I.C. § 34-18-8-8 (the Commissioner, on the Commissioner's own motion or on the motion of a party, can "file a motion in Marion county circuit court to dismiss the case under Rule 41(E) of the Indiana Rules of Trial Procedure" if action has not been taken on the case for at least two years).

[15] Vermillion, here, expressed the same intent as the one found to be determinative in *Ilagan* and *Hodge* when he filed a withdrawal of claim with the IDOI, in which he unequivocally stated that "a State law claim of medical malpractice is not currently necessary," and therefore he "withdr[e]w[] his proposed State law medical malpractice claim against proposed defendant [Anonymous M.D. 2]." (Appellee's App. Vol. II, p. 74). In addition, he notified the trial court by filing a motion to dismiss Anonymous M.D. 2's petition for preliminary determination of law and motion to compel discovery, in which he stated that "on March, 24, 2023, [Vermillion] notified the IDOI of his decision to withdraw his proposed claim against [Anonymous M.D. 2]" and therefore, "the proposed case or controversy against [Anonymous M.D. 2] before the IDOI no longer exists." (Appellee's App. Vol. II, pp. 77, 78). As Vermillion unambiguously and voluntarily intended to dismiss his proceedings

before the medical malpractice panel, the trial court properly issued its Order of dismissal.[3]

## CONCLUSION

Based on the foregoing, we conclude that Vermillion voluntarily dismissed his medical malpractice proceeding and, therefore, the trial court did not abuse its discretion by issuing its Order of dismissal.

Affirmed.

Brown, J. and Foley, J. concur

APPELLANT PRO SE

Jay F. Vermillion
Pendleton, Indiana

ATTORNEYS FOR APPELLEE

Chad J. Bradford
John F. Shockley
O'Bryan Brown & Toner, PLLC
Indianapolis, Indiana

---

[3] The Order of dismissal does not indicate whether the dismissal is with or without prejudice. However, either disposition reaches the same result. A dismissal with prejudice is one on the merits and "is conclusive of the rights of the parties and is *res judicata* as to any questions which might have been litigated." *Ilagan*, 634 N.E.2d at 829. A dismissal without prejudice renders the complaint as though it had never been brought; however, any second complaint will be subject to the statute of limitations under the medical malpractice statute. *Id.* Absent information of the specific date on which the perceived act of medical malpractice occurred, we note that Vermillion filed his original Proposed Complaint on June 9, 2021; therefore, it is clear that the two-year statute of limitations of the medical malpractice act will bar Vermillion's second complaint. *See* I.C. § 34-18-7-1.